**JAMES McWILLIAMS BLUE LINE, Inc. v. CITY OF NORWALK, CONN. THE SKIPPER.**

Adm. No. 4342.

United States District Court
D. Connecticut.

July 28, 1948.

Albert J. Merritt, of Bridgeport, Conn., for libellant.

Harrison D. Schofield, of Hartford, Conn., for respondent.

HINCKS, District Judge.

The first exception questions that the libel states a cause of action within the admiralty jurisdiction of this court. As to this the libel plainly states a maritime tort. Conklin v. City of Norwalk, 2 Cir., 270 F. 68. This exception is therefore overruled.

The second exception is based upon the contention that the respondent's acts which caused the libellant's damage were done in the performance of a governmental function. But a city under legal obligation, as here, to operate and maintain a draw bridge, is not immune from liability for negligent conduct. This also is implicit in the Conklin v. City of Norwalk case just above cited. See also Workman v. City of New York, 179 U.S. 552, 566, 21 S.Ct. 212, 45 L.Ed. 314. This exception is overruled.

The third exception is based upon the contention that the libel not having been brought within the year succeeding the tort was not seasonably brought. But for the maritime tort alleged no rigid statute of limitation is applicable. Benedict, 5th Ed., Vol. 1, 463. And if the respondent seriously contends the libellant is barred by laches, the basis for such a contention should be pleaded in its answer. United States v. Alex Dussel Iron Works, 5 Cir., 31 F.2d 535. This exception also is therefore overruled.

Ordered accordingly.