William C. Heght, Jr., J.
Motion for an order, pursuant to CPLR 3212, seeking summary judgment in favor of defendant, is granted in respect of the plaintiffs’ second cause of action, but is otherwise denied.
This action is brought to recover for personal injuries sustained by the plaintiff, Barbara M. Rogers, while she was a passenger aboard a ferryboat owned and operated by the defendant, which injuries allegedly resulted from the negligent navigation of the vessel. The alleged injury occurred on September 8, 1963 and the action was not commenced until December 23, 1964, more than one year and 90 days after the accrual of the cause of action. Defendant seeks dismissal of the action on the basis of a statutory time bar, in that paragraph (c) of subdivision 1 of section 50-1 of the General Municipal Law, relating to an action against the City of New York for personal injuries, provides that such action 1 ‘ shall be commenced within one year and ninety days after the happening of the event upon which the claim is based.”
Plaintiffs contend that, since the cause of action is upon a maritime tort, the admiralty doctrine of laches applies, and the court is not strictly bound by the statutory time limitation. Plaintiff urges further that the delay in proceeding to suit was justified, that the action was commenced only a few days after the State statute had run and that no prejudice has been caused to defendant by this minimal delay. Defendant concedes that the action is maritime in nature and that the plaintiffs could have brought their action on the “ admiralty side ” of the United States District Court. Defendant further acknowledges, with some reservations, that the admiralty court would have judged the timeliness of the action by application of the doctrine of laches rather than by strict application of the State Statute of Limitations. Defendant argues, however, that, having instituted their action in this court, the plaintiffs are bound by the State Statute of Limitations, particularly since the same is procedural rather than substantive in nature.
Consideration of the applicability of this statute requires examination of two questions: (1) the nature and source of the rights sought to be enforced and (2) the liability of this particular defendant to answer therefor. It is settled that the rights and liabilities of the parties in connection with a maritime tort depend upon and arise out of maritime law (Spencer Kellogg & Sons v. Hicks, 285 U. S. 502). Plaintiffs’ rights are rooted, not in State law, but in Federal maritime law. Jurisdiction of this court over the action rests upon the so-called “ saving-to-suitors clause ” of the Judiciary Act of 1789 (see
*375 1 Benedict, Admiralty [5th ed.], § 22). When the State opens its courts to this type of action, which the Constitution has placed under national power to control in ‘ ‘ its substantive as well as procedural features” (Panama R. R. Co. v. Johnson, 264 U. S. 375, 386), our courts must afford plaintiffs the full benefit of Federal law (Garrett v. Moore McCormack Co., 317 U. S. 239). Even if plaintiffs are seeking to enforce State-created remedies for this right, Federal maritime law is controlling (Pope & Talbot v. Hawn, 346 U, S. 406, 409). Were this an action between private suitors, plaintiffs’ Federal substantive admiralty rights could not be defeated simply by the mechanical application of a State Statute of Limitations, on the “ admiralty side” or the “ law side” of Federal court, or in a State court having jurisdiction to enforce Federal maritime rights (Pope & Talbot v. Hawn, supra, p. 411; Kermarec v. Compagnie Generale, 358 U. S. 625; Garrett v. Moore McCormack Co., supra; Chelentis v. Luckenbach S. S. Co., 247 U. S. 372; see, also, Larios v. Victory Carriers, 316 F. 2d 63 [C. A. 2d, 1963]). If the question as to this defendant were to turn on a determination of whether the limitations statute is purely procedural or affects substantive rights of plaintiffs, the latter conclusion is more compelling. The various subdivisions of article 4 of the General Municipal Law purport to give private suitors a right of action which did not exist at common law, namely an action against the defendant municipal corporation for injuries caused by acts of agents of the city, committed in the performance of public governmental duties. (See Poniatowski v. City of New York, 14 N Y 2d 76.) The limitation on time to sue is contained in the very statute which grants the remedy and is such an integral part thereof that it must be deemed to affect the substantive rights created (Central Vermont Ry. v. White, 238 U. S. 507; Matter of Benjamin v. State Liq. Auth., 17 A D 2d 71).
However, the fact already noted, that plaintiffs’ rights are rooted not in State law but in Federal maritime law, bears directly on the question of the amenability of the City of New York to suit, which the General Municipal Law purports to resolve. It was early decided by the United States Supreme Court that the City of New York has no “ independent sovereign immunity” (to be waived conditionally or otherwise), so that the city is amenable to suit in an admiralty court to answer for the commission of a maritime tort (Workman v. New York City, Mayor etc., 179 U. S. 552; see, also, Ex parte State of New York, No. 2, 256 U. S. 503). Our own highest court, in another type of General Municipal Law action, has indicated that a *376 suit against New York City is not dependent upon the grant contained in that law since the city has no ‘ ‘ independent sovereignty ’ ’ and, as a political subdivision of the State, is subject to the effects which flow from the State’s general waiver of immunity contained in section 8 of the Court of Claims Act (Bernardine v. City of New York, 294 N. Y. 361).
It is defendant’s contention that the limitation provision contained in the State statute must be given effect by this court, while it. is clear that the same would not be applied in an identical suit brought on the admiralty side of Federal court. This argument, at least insofar as it relates to substantive admiralty rights, has been unequivocally rejected-by the United States Supreme Court (Pope & Talbot v. Hawn, 346 U. S. 406, 411, supra).
A further and possibly more compelling reason for rejecting defendant’s argument is that the State limitations provision here involved would, if given effect, violate the settled rule of law that State provisions may not so operate as to work a material prejudice to the application of maritime law or interfere with the uniformity thereof (Workmen v. New York City, Mayor etc., supra; Southern Pacific Co. v. Jensen, 244 U. S. 205). A number of Federal civil and admiralty courts have considered State and local limitation provisions similar to those contained in section 50-i of the General Municipal Law and have concluded that, if given effect, they would indeed materially prejudice the application of maritime law and interfere with the uniformity thereof (Frame v. City of New York, 34 F. Supp. 194; James McWilliams Blue Line v. City of Norwalk, 81 F. Supp. 818; Morales v. City of Galveston, 181 F. Supp. 202; Fematt v. City of Los Angeles, 196 F. Supp. 89). This court reaches the same conclusion and finds that the failure to comply with the provisions of section 50-i does not preclude recovery as a matter of law.
Of course, the limitations period contained in section 50-i will be used as one of the yardsticks to determine what constitutes laches in this case. Plaintiffs have submitted sufficient on this motion to overcome a finding of laches as a matter of law. The ultimate determination of this question, however, depends on many factors not adequately covered in this proceeding and the same shall be left to the trial court.
The second cause of action herein is brought by John C. Rogers wherein he seeks damages for the loss of services of his coplain tiff wife. The question of whether an action for the loss of the services, companionship and consortium of a spouse is cognizable in maritime law, is a relatively novel one. *377 That general maritime law, rather than New York law, also controls this cause of action, does not appear to be open to question. (New York & Long Branch Steamboat Co. v. Johnson, 195 F. 740 [C. A. 3d, 1912]; see, also, Pope & Talbot v. Hawn, supra.)
In a recent Federal case it was held that no cause of action would lie in admiralty for a wife seeking compensation for the loss of services of her longshoreman husband (Igneri v. Cie de Transports Oceaniques, 207 F. Supp. 236, affd. 323 F. 2d 257 [C. A. 2d], cert. den. 376 U. S. 949). In passing on this new question, the court had occasion to consider the general availability of this type of action in admiralty. The court reported finding only two cases which considered the question whether a suit by a husband for loss of his wife’s services and society will lie in admiralty. The first, Savage v. New York, Newfoundland & Halifax S. S. Co. (affd. Per Curiam on opn. below 185 F. 778 [C. A. 2d, 1911]), stated as dictum that no such action would lie. The second, decided in the Third Circuit the following year (New York & Long Beach Steamboat Co. v. Johnson, supra), affirmed the grant of an award to a husband for loss of consortium. Although clearly dictum, the District Court in Igneri took the occasion to criticize the decision in the Johnson case (supra) and stated its agreement with the court in the Savage case (supra) “ that there is no maritime precedent for a suit for loss of consortium by either spouse ” (207 F. Supp. 236, 238). In affirming, the Court of Appeals for the Second Circuit also took the occasion to disapprove of the holding in the Johnson case (supra) (323 F. 2d 257, 265). Thus, while the question of availability of such a cause of action in admiralty remains in its formative stages, it appears clear that this cause of action would not be entertained in the Federal forum available to the instant plaintiffs.
An action such as pleaded in the second cause of action is, of course, recognized under the common law of this State (15 N. Y. Jur., Domestic Relations, § 307). However, the time bar of section 50-i of the General Municipal Law would operate to prevent any independent suit from being brought in this forum on the said cause of action.
Accordingly, the second cause of action must be dismissed and summary judgment granted to defendant to that extent.