OPINION OF THE COURT
Joseph D. Mintz, J.
Third-party defendant moves pursuant to CPLR 3211 to dismiss the third-party complaint on the grounds that it fails to set forth a cause of action, and, alternatively, the third-party claim is barred by the exclusivity of remedy provision of the applicable workers’ compensation law, the Longshore *557 men’s and Harbor Workers’ Compensation Act (hereinafter LHWCA) found at 33 USC § 901 et seq. A prior motion to dismiss the third-party complaint was made before Justice Norman Wolf. That court granted the motion with leave to replead without reaching the questions presented herein, i.e., whether a cause of action based on an implied warranty of workmanlike performance exists on behalf of a ship repair company against a vessel, and whether 33 USC § 905 (b) precludes an action against a shipowner/employer.
It should be noted at the outset that although the injury may have occurred within the territorial borders of New York, the injury, since it occurred upon a vessel in navigable waters, occurred within the Federal admiralty jurisdiction, not within the jurisdiction of the laws of New York. (See, e.g., Pope & Talbot v Hawn, 346 US 406, 409 [1953]; Kuhn v City of New York, 274 NY 118 [1937].) Thus, the New York law regarding contribution by a compensation-paying employer found in CPLR 1401, Dole v Dow Chem. Co. (30 NY2d 143 [1972]), Workers’ Compensation Law §§ 11, 29, and Klinger v Dudley (41 NY2d 362 [1977]) is inapplicable.
The parties agree that the situation presented herein is not covered exactly in any case before or after the 1972 amendment to LHWCA which added section 905 (b). The facts are as follows: Third-party plaintiff entered into a contract for the repair of a boiler on a ship owned by third-party defendant. Under the specifications of the contract, third-party defendant was to provide a shipkeeper on board during the period of repair. Plaintiff, while employed as shipkeeper, was injured upon the vessel. Plaintiff recovered workers’ compensation benefits from his employer, third-party defendant herein, under the LHWCA, and also commenced this action, as he is entitled under the LHWCA, against third-party plaintiff alleging negligence. The third-party action, by amended complaint subsequent to the Wolf ruling, is based upon breach of an implied warranty of workmanlike performance purportedly stemming from the provision of the specifications under which third-party defendant was to provide a shipkeeper. The complaint further alleges that the alleged breach is specifically based on the improper performance of both plaintiff and another shipkeeper whose instructions plaintiff followed.
Determination of both issues before the court requires careful consideration of the United States Supreme Court’s decision in Ryan Co. v Pan-Atlantic Corp. (350 US 124 [1956]). Prior to the 1972 amendment to the LHWCA, LHWCA cases *558 often involved the following factual situation: An injured employee under the act employed by a stevedoring company would recover under the act against his employer, and would also sue the shipowner. The shipowner’s liability to the injured employee would be almost absolute under the theory of the unseaworthiness of the vessel. Although double recovery was prevented by the assertion of a compensation lien against the proceeds (see, 33 USC § 933), often the shipowner would be liable for all the damages, even though there was no finding of negligence or other fault of the shipowner (due to the doctrine of seaworthiness) and even where there was negligence on the part of the stevedore/employer. A claim for contribution on the basis of negligence against the stevedore was precluded under Halcyon Lines v Haenn Ship Corp. (342 US 282 [1952]). Ryan did not overrule Halcyon, but established a contract basis for a claim over by a shipowner against the stevedore which claim would not be subject to Halcyon or to the exclusivity provisions of the LHWCA then in existence, contained in section 905 (a). The purpose of the cause of action established in Ryan is clear; to allow a party absolutely liable (in Ryan under the seaworthiness doctrine) to recover against a party actually at fault. In other words, Ryan was to correct any inequity created by the interplay of the stevedore’s compensation lien and a likely judgment against a potentially nonnegligent shipowner producing a result of a potentially negligent stevedore’s making no financial contribution.
The 1972 amendment eliminated any cause of action by an injured employee under the doctrine of seaworthiness, and concurrently eliminated any claim over by a shipowner against an employer under a Ryan theory. The Congress’ rationale, in part, was to have employers put more money into compensation and less money into litigation costs. (See, HR Rep No. 92-1441, 92d Cong, 2d Sess, reprinted in 1972 US Code Cong & Admin News, at 4698, 4702.) The intent of the legislation, following this rationale, was "to prohibit such recovery [of a vessel against an employer] under any theory including, without limitation, theories based on contract or tort.” (Id., at 4704.) Under section 905 (b), since the third party (usually the shipowner) can only be liable to the injured employee on the basis of negligence, the allowance of a Ryan claim under section 905 (b) is no longer necessary to rectify any inequity as existed when the shipowner was absolutely liable under the doctrine of seaworthiness.
The history with respect to Ryan (supra) and with respect to *559 the Supreme Court’s decision in Marine Terms. v Shipping Co. (394 US 404 [1969]), which allowed an independent cause of action by a compensation-liable stevedore against a negligent shipowner, indicates that these decisions were in response to a need to assess financial responsibility between an absolutely liable party and a party who, although at fault, may otherwise bear no cost of compensation. (Davis v Partenreederei M.S. Normannia, 657 F2d 1048, 1051 [9th Cir 1981].) To the extent section 905 (b) eliminated this dichotomy, it eliminated the need to correct any injustice flowing from it.
With reference to the instant case, the roles are reversed from the situation contemplated by Ryan (supra) and section 905 (b). Here, the shipowner is the compensation-liable employer; third-party plaintiff can only be liable to plaintiff on a showing of negligence.* This is not a situation where third-party plaintiff can be held absolutely liable equitably necessitating some more appropriate assessment between the parties. Under these circumstances, it would be a strain, at very least, to infer that the causes of action established in Marine Terms. and Ryan (supra) ever extended to parties in like position to third-party plaintiff herein. Therefore, the allegation by third-party plaintiff that section 905 (b) does not bar this claim may be inconsequential, since such a claim may never have existed.
This determination notwithstanding, section 905 (b) does indeed bar the claim herein. Section 905 (b) provides in part: "In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title * * * The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.” (Emphasis added.) The language italicized together with the last sentence make clear that only claims against a nonemployer under section 933 and compensation claims by the employee or his representative under LHWCA may be maintained against a vessel. Since the third-party complaint is not for compensation under LHWCA *560 nor is the third-party defendant a nonemployer third party sued under section 933, the claim is barred by section 905 (b). The cases cited by third-party plaintiff in support of its assertion that section 905 (b) did not eliminate its claim in contract, Nieves v Douglas S. S. (451 F Supp 407 [SDNY 1978]) and Gould v General Mills (411 F Supp 1181 [WDNY 1976]), are inapplicable to the situation at bar since the employers therein were not vessels, which, as noted above, are expressly dealt with by section 905 (b).
For the reasons set forth above, third-party defendant’s motion is granted and the complaint dismissed for failure to state a cause of action allowable under the applicable laws.

 33 USC § 933 allows action against third parties but creates no new cause of action. The employee is limited to his common-law or statutorily created causes of action. There is no statutorily created cause of action against a nonemployer ship repair company. Thus, plaintiffs only cause of action is in negligence.