The **SHIPPING CORPORATION OF INDIA, LTD., Plaintiff,**

v.

The **AMERICAN BUREAU OF SHIPPING, Defendant and Third–Party Plaintiff,**

v.

**Brodogradiliste I Tvornica Diesel Motora–Split (A/K/A Shipyard "Split"), A Division of the Shipbuilding and Engineering Industry "Split" and a Member of the Associated Shipbuilding Industry "Jadranbrod" Shipbuilding Group, Third–Party Defendant.**

No. 84 Civ. 1920 (CBM).

United States District Court,
S.D. New York.

July 27, 1990.

Healy & Baillie by Howard M. McCormack, William N. France, New York City, for plaintiff.

Kirlin, Campbell & Keating by Harry A. Gotimer, Michael J. Walsh, New York City, for defendant and third-party plaintiff.

Hill, Betts & Nash by Arthur J. Blank, Peter J. McHugh, John F. Keating, New York City, for third-party defendant.

## ORDER AND MEMORANDUM OPINION

MOTLEY, District Judge.

Defendant American Bureau of Shipping ("ABS") has moved for summary judgment, requesting dismissal of the tort cause of action brought against it by Plaintiff Shipping Corporation of India, Ltd. ("SCI"). SCI, the purchaser of several vessels, brought these tort claims, together with contractual claims, against ABS alleging that ABS, a classification company, was negligent 1) in formulating the rules and standards which it applied to review and approve a) the design of the vessels, b) the construction of the vessels, and c) the classification of the vessels; 2) in applying its rules and standards in these respects; 3) in specifying and approving corrosion control procedures incorporated into the design and construction; and 4) in providing services, inspections, structural analyses, investigations and recommendations both during construction and after delivery of the vessels.

For the following reasons, defendant ABS's motion for summary judgment as to the tort cause of action is granted.

*Analysis*

▮ Defendant ABS argues that SCI's negligence claims are not cognizable in maritime tort.[1] ABS's position is based on the Supreme Court's decision in *East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), and the Fifth Circuit's decision in *Employers Insurance of Wausau v. Suwannee River SPA Lines, Inc.,* 866 F.2d 752 (1989). In *East River,* the Supreme Court held that in a maritime context, "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." 476 U.S. at 871, 106 S.Ct. at 2302. The Court noted that it did not reach the question of whether one can ever state a tort cause of action in admiralty when the only damages sought are economic. *Id.* at 871 n. 6, 106 S.Ct. at 2302 n. 6. In *Employers Insurance,* the Fifth Circuit extended the ruling in *East River* to hold that it also applied to contracts for professional services rendered in connection with the construction of a product by a party other than the builder. 866 F.2d at 766. The court did not decide whether a party not in privity with the defendant may recover in negligence under maritime law. *Id.* n. 27. In both cases, the courts based their decisions on the principle that contract law provides adequate remedies in a commercial setting where parties are of equal enough bargaining power to allocate among themselves risks of defects.

SCI seeks to distinguish the case at hand from both *East River* and, to some extent,

1. Plaintiffs argue that they have asserted diversity, as well as maritime, jurisdiction, so that even if they lose under maritime law, their claim should be considered under the laws of New York which are somewhat ambiguous. However, the fact that the parties satisfy the requirements of diversity jurisdiction does not mean that state law appropriately applies to the damages in question. As both parties agree and as the case law indicates, maritime law applies. See *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 253, 93 S.Ct. 493, 497, 34 L.Ed.2d 454 (1973) (maritime jurisdiction established by locality of tort); *The Plymouth,* 70 U.S. 20 (Wall 1866), 18 L.Ed. 125 (locality determined by where wrong completed, not where

originated). However, contrary to plaintiff's claim, maritime law applies exclusively, *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409, 74 S.Ct. 202, 204, 98 L.Ed. 143 (1953). This rule has been applied by New York courts as well. *See, e.g., Cruz v. American Export Lines, Inc.,* 67 N.Y.2d 1, 9, 499 N.Y.S.2d 30, 489 N.E.2d 1042 *cert. denied, sub nom. Bussanich et al. v. United States Lines, Inc.,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986); *Kielich v. Nickelson & Hall Boiler & Welding,* 129 Misc.2d 556, 493 N.Y.S.2d 735, 736 (Sup.Ct.Erie Co.1985); *Sevits v. McKiernan–Terry Corp.,* 264 F.Supp. 810, 812 (S.D.N.Y.1966), citing *Rogers v. City of New York,* 46 Misc.2d 373, 259 N.Y.S.2d 604 (Sup.Ct. N.Y.Co.1965).

*Employers Insurance*, while also arguing that the latter decision was incorrect. SCI contends that the only similarity between the case at hand and *East River* is that in both cases, the economic losses incurred are those related to the vessel itself, and not to a third party. SCI also contends inaccurately that *East River* is inapplicable because the Complaint here alleges negligence and not strict liability.[2] SCI further argues 1) that since ABS is a supplier of professional services and not goods, and, specifically, not a manufacturer of consumer goods put in the stream of commerce, *East River* is inapplicable (and the *Employers Insurance* decision is wrong); 2) that, unlike both *East River* and *Employers Insurance*, there was no privity of contract between ABS and SCI and, therefore, the concept of recouping the benefit of the bargain between the parties is inapplicable here; 3) that the activities involved include both pre-construction and post-delivery conduct; and 4) that SCI and ABS are not of equal bargaining power, unlike the parties in *East River*.

To the extent they are accurate, SCI's claims do not appear relevant. First, there is no reason why it should matter whether the defendant is a manufacturer of goods or a provider of services essential to such production. Defendant Delaval in *East River* provided supervision services as well as a product. In any event, *Employers Insurance* seems a reasonable extension of the principles enunciated in *East River*. As the Fifth Circuit stated in *Employers Insurance*:

> [w]hether the negligence alleged is in the performance of a contract for services, or in a contract for the sale of goods, the resulting economic loss "is essentially the failure of the pruchaser to receive the benefit of its bargain—traditionally the core concern of contract law."

866 F.2d at 765, citing *East River*, 476 U.S. at 870, 106 S.Ct. at 2301. The defendant in *Employers Insurance* was not a manufacturer of a product put into the stream of commerce. This court sees no reason why

the fact that ABS is also not such a manufacturer should be any more material in the case at bar.

Second, although there was no privity of contract between ABS and SCI for at least part of the relevant time, SCI admits to being an intended third-party beneficiary of the classification contracts between ABS and Split and has brought contractual claims against ABS. In addition, SCI was in a position to negotiate with Split, the manufacturer, over the risk of loss.

Third, as defendants argue, the rationale of *Employers Insurance* is equally applicable to ABS's pre-delivery and post-delivery professional services. Both were maritime services, provided pursuant to a maritime contract. Plaintiff has offered no reason to impose tort liability for economic loss pursuant to post-delivery services where none is imposed for pre-delivery services.

Finally, plaintiff's argument that it did not have sufficient bargaining power is not properly directed. It is true that relative equality of bargaining power is relevant to the consideration of whether given contractual remedies are adequate. This issue therefore presents potentially relevant questions of fact and law concerning the contractual claims made by plaintiff. However, in assessing whether this court should impose tort liability in addition to whatever contractual liability and remedies may already exist (taking the relative bargaining power of the parties into account), the court need not make a precise determination as to the bargaining power of the parties. It is enough that the contractual negotiations took place in a commercial setting where sophisticated parties could address issues of allocation of risks. Even though ABS appears to be one of only several coinpanies of its kind, that fact by itself does not necessitate the imposition of extracontractual liability where economic loss alone is at stake. As the Fifth Circuit observed in *Employers Insurance*, "[t]he Supreme Court emphasized in *East River* that in a *commercial* context there are rarely disparities in the bargaining power

---

**2.** This characterization of *East River* is inaccurate. That case involved both negligence and

strict liability tort claims. 476 U.S. 858, 861, 106 S.Ct. 2295, 2297, 90 L.Ed.2d 865 (1986).

of the parties that would justify the imposition of such extracontractual duties. 866 F.2d at 765, citing 476 U.S. at 872–73, 106 S.Ct. at 2302–03. The court, therefore, refuses to carve out an exception in this case to the general principle enunciated convincingly by the Fifth Circuit in *Employers Insurance* that there is no reason to impose an extracontractual duty on one who contracts to provide professional services in a commercial context. See 866 F.2d at 763.

For the foregoing reasons, defendant ABS's motion for summary judgment dismissing plaintiff's tort cause of action is granted.

So ordered.