**38**

STATE TEACHERS RETIREMENT BOARD, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

FLUOR CORPORATION, Mitchell Hutchins, Inc., Manufacturers Hanover Trust Co., Merrill Lynch, Pierce, Fenner & Smith, Inc., Defendants.

No. 76 Civ. 2135 (RWS).

United States District Court, S. D. New York.

April 6, 1979.

Schwartz, Remsen, Shapiro & Kelm, Columbus, Ohio, for plaintiffs; Russell A. Kelm, Columbus, Ohio, of counsel.

William J. Brown, Atty. Gen., Columbus, Ohio, Donald A. Antrim, James B. Farmer, Asst. Attys. Gen., Columbus, Ohio, Brown, Wood, Ivey, Mitchell & Petty, New York City, for Merrill Lynch, Pierce, Fenner & Smith, Inc.; Richard C. Casey, A. Robert Pietrzak, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant Fluor Corp.; Raymond L. Falls, Jr., New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant Mitchell Hutchins, Inc.; Charles M. McCaghey, New York City, of counsel.

Kelly, Drye & Warren, New York City, for defendant Manufacturers Hanover Trust Co.; Richard J. Concannon, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS"), has moved this court for an order, pursuant to 28 U.S.C. § 1292(b), amending its opinion of October 23, 1978 to include the following statement:

The undersigned is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may

materially advance the ultimate termination of the litigation.

MLPFS does not seek to appeal every question of law decided in the prior opinion, but only a specific question relating to the applicable Statute of Limitations in this class action. In order to be appealable under 28 U.S.C. § 1292(b) three requirements must be satisfied: (i) that a controlling question of law be involved, (ii) that the question be one in which there is substantial ground for difference of opinion and (iii) that an immediate appeal would materially advance the ultimate termination of the litigation. *Tucker v. Arthur Andersen & Co.,* 67 F.R.D. 468, 484 (S.D.N.Y.1975). Since the third element will not be satisfied by an immediate appeal, the motion is denied.

An immediate appeal will not necessarily reduce the litigation time and costs of this proceeding. The action was originally filed in May, 1976 and in December, 1976 a motion for conditional class certification was granted by the Honorable Marvin E. Frankel. By the first amended complaint, served March 31, 1978, MLPFS was added as a defendant to the action and by the October 23, 1978 opinion of this court such conditional class certification was extended to this defendant as well.

The parties have been proceeding through discovery and are presently scheduled to be ready for trial sometime this spring. State Teachers, the conditional class representative, has alleged damages in excess of 1.25 million dollars and has represented to this court that, even absent class certification as to MLPFS, it would persist in its prosecution of this action. Therefore, most of the discovery and pre-trial costs have already been incurred and most of those remaining would be necessary irrespective of class status. To allow an interlocutory appeal at this stage would unduly delay the progress had so far as to the other defendants, as well as to MLPFS. It should also be noted that many of the additional procedures MLPFS asserts will be necessary as a result of this proceeding remaining a class action will bear most heavily on the plaintiff and will, for the most part, be necessary vis a vis the other defendants irrespective of class status as to MLPFS.

This motion presents this court with an opportunity to clarify an ambiguity established by its opinion of October 23, 1978 and to further support the denial of the motion here sought. In that opinion this court recognized that under the *Sack v. Low*[1] test, which was followed in *Arneil v. Ramsey,*[2] for purposes of determining the applicable statute of limitations a cause of action for fraud arises where "its economic impact is felt, *normally* the plaintiff's residence" (Emphasis added). This court went on to hold that the Second Circuit in both *Sack* and *Arneil* recognized that there may be circumstances under which the "principal residence" of the injured party would not be used and then found that this was such a circumstance. However, rather than apply the economic impact test using an indicator other than principal residence this court rejected that test and stated it would apply the test set forth by the Honorable Robert J. Ward in *Natural Resources Corp. v. Royal Resources Corp.,* 427 F.Supp. 880 (S.D.N.Y.1977). As set forth in dictum in the recent opinion of this court in *Haberman v. Tobin,* 466 F.Supp. 447 (S.D.N.Y.1979) this court views the test set forth in *Natural Resources* as the better and more modern approach to this difficult question of law. However, absent an absolute requirement that the issue specifically be addressed, this court declines to do so until further guidance and clarification is provided by the New York courts. Therefore, insofar as the October 23rd opinion of this court specifically rejected the economic impact test with respect to this action, the opinion is hereby amended to eliminate the implication that the place of economic impact test had been rejected by the court.

■ Even if the economic impact test is applied, rather than the test set forth in *Natural Resources,* under the circumstances here the place of inquiry is not the resi-

---

1. 478 F.2d 360 (2d Cir. 1973).

2. 550 F.2d 774 (2d Cir. 1977).

dence of each individual plaintiff, but a locus more appropriately applied to the class as a whole, or subclasses, should the class ultimately be certified by this court.

Therefore, the granting of conditional class certification is appropriate even under this test and the proper decision granting such will remain in effect.

Whether this court will use the economic impact test as just set forth, or the *Natural Resources* test, is an issue which must be resolved only should the two tests result in different applicable state Statutes of Limitations with contrary results as to whether the action is properly maintainable. This issue need not presently be resolved, nor could it be on the record before this court.

For all the foregoing reasons, including the clarification of the October 23rd opinion of this court, the motion is hereby denied. The parties are directed to submit on or before May 16, 1979 all papers required for this case to be placed on this court's trial calendar.