**Jill Ann HEROLD, Plaintiff,**

v.

**Ester BRAUN and Jules Takacs, Defendants.**

**No. 83 CV 3094.**

United States District Court, E.D. New York.

June 9, 1987.

Russ, Weyl & Levitt, Massapequa, N.Y. (Jay Edmond Russ, of counsel), for Takacs, cross-claim plaintiff.

Robert Elan, Lake Success, N.Y., for Braun.

McCabe, Nicolini, Paradise & Cozzins, Mineola, N.Y. (R. Bruce Cozzens, Jr., of counsel), for Takacs.

### MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Once again a court is called upon to leap into an existential breach. The pending motion concerns the terms of an insurance policy that has not been produced and probably does not in fact exist.

### Facts

Many of the pertinent facts were described in this Court's Memorandum and Order dated November 26, 1985 and will not be repeated here. The prior decision held that two insurance companies ("Great American" and "American National") were bound by a final state court judgment dated April 23, 1984. That order held that, under a Great American policy dated April 19, 1983 and an American National policy dated March 17, 1982, the two companies were required to defend and indemnify defendant Ester Braun for liability arising from an accident that occurred on the Belt Parkway in Brooklyn on April 21, 1983. On that occasion, a motorcycle operated by defendant and cross-claim plaintiff Jules Takacs, with plaintiff Jill Herold as a passenger, collided with a car driven by Braun.

Takacs has demanded copies of each of the policies. Fed.R.Civ.P. 26(b)(2). An American National policy has been produced; but Great American states that it cannot comply with the demand, because no such policy exists. The state court ruling to the contrary, says Great American, is a result of "procedural default" and "erroneous wording." The former phrase doubtless refers to the insurance companies' fail-

ure to appear in the New York Supreme Court and their subsequent failure to perfect their appeal to the Appellate Division. "Erroneous wording" seems to refer to the state judge's holding that each company was liable under a separate policy.

Great American, having apparently studied its corporate infrastructure, now informs the Court that American National is a subsidiary of Great American. It seems that Braun, seeking automobile liability coverage, went to a broker who participates in an assigned risk plan that forwards applications randomly to participating insurers. Braun's application went to Great American, which decided to issue the policy (one policy) through its subsidiary, American National. That policy has been produced. Because this is the only policy, Great American argues, it cannot produce another.

Noting that this is the first time that Great American has claimed that only one policy exists, Takacs contends that the state judgment forecloses such an argument. And, in Takacs' view, it follows that Great American's failure to establish any limitation on its coverage by producing the policy entitles him to a declaration that the coverage is unlimited.

### Discussion

■ Fed.R.Civ.P. 26(b)(2) provides, in relevant part:

*Insurance Agreements.* A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

A perfectly valid state judgment, which I have in my earlier Order declined to reconsider, declares the existence of a Great American insurance policy; it is dated April 19, 1983, and it covers Braun's liability for the accident at issue here. Great American

is bound by that ruling and, under basic res judicata principles, is estopped from denying the existence of the policy. The issue is the proper sanction for its failure to produce a document that, for purposes of this motion, I assume to be nonexistent.

■ Under Fed.R.Civ.P. 37(d) the court may make such orders as are just, including designating facts as established for purposes of the action or refusing to allow the recalcitrant party to oppose designated claims. In light of Rule 26(b)(2)'s rationale—that disclosure of insurance coverage will enable counsel to make realistic appraisals for purposes of settlement and litigation strategy, *see* Advisory Committee Notes to 1970 Amendments to Fed.R.Civ.P. 26—Takacs' suggestion that Great American be precluded from claiming any limit on its coverage of Braun seems logical and reasonable. *Cf. Henderson v. United States Fidelity & Guar. Co.*, 695 F.2d 109 (5th Cir.1983) (prior action had decided existence of policy covering accident; insurer subject to punitive damages for failure to produce policy); *Slotkin v. Citizens Cas. Co.*, 614 F.2d 301 (2d Cir.1979) (failure to disclose full extent of coverage renders insurer liable for difference between settlement amount and likely settlement figure had coverage not been misrepresented), *cert. denied,* 449 U.S. 981, 101 S.Ct. 395, 66 L.Ed.2d 243 (1980).

Great American understandably wonders how it can be expected to limit a fictional policy. Its conundrum, however, is entirely of its own making. It defaulted in the state court and it failed to perfect its appeal from the denial of its motion to vacate the default. Moreover, it is only now, almost four years after the institution of this lawsuit, that Great American has determined how the coverage in this case was issued. This Court cannot relieve it of the burdens of the state judgment—despite the Catch–22 that results—simply because it now presents an explanation that was within its power to provide all along.[1] *Res*

---

1. One further issue discomfits the Court. The opposition papers include an affidavit from Ester Braun stating that she was covered by only

one policy, issued by American National. The affidavit does nothing to nullify the effect of the state court judgment. It is disturbing, however,

*judicata facit ex albo nigrum; ex nigro, album; ex curvo, rectum; ex recto, curvum.*

### Conclusion

The motion is granted. Because Great American has failed to produce the policy or any limitation thereon, and because it cannot deny the existence of the policy, it must indemnify Ester Braun for the full amount of any judgment rendered against her in this case. This case is hereby referred to United States Magistrate John L. Caden for: 1) a ruling on the pending motion for sanctions for failure to respond to interrogatories; and 2) settlement discussions.

SO ORDERED.

---

in that it is clearly against Braun's interest: because it supports Great American's argument that only one policy exists, the affidavit could serve only to restrict her insurance coverage and thus expose her to greater personal liability. In all likelihood it would not have been executed had Braun been advised by independent counsel. Defense counsel is reminded that although he has been retained by the insurance companies, he represents Ms. Braun in this action.