**Jill Ann HEROLD, Plaintiff,**

v.

**Ester BRAUN and Jules Takacs, Defendants.**

**No. 83 CV 3094.**

United States District Court, E.D. New York.

Sept. 15, 1987.

Stephen S. Weinstein, Morristown, N.J., for plaintiff.

McCabe, Niolini & Paradise, Mineola, N.Y., for defendant Jules Takacs.

Robert I. Elan, Lake Success, N.Y., for defendant Ester Braun.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In a Memorandum and Order dated June 9, 1987, *see* 661 F.Supp. 563 (E.D.N.Y.1987) —familiarity with which is assumed—this Court held that Great American Insurance Company must indemnify Ester Braun for the full amount of any judgment rendered against her in this case. That ruling was based on: 1) a valid state court decree that there exists a Great American policy covering Braun; and 2) the company's failure to produce that policy, or any limitation thereon, in response to discovery requests, *see* Fed.R.Civ.P. 26(b)(2), 37(d). Despite the binding state court ruling to the contrary, Great American insists that the policy does not exist, and now moves for an order under 28 U.S.C. § 1292(b) certifying this Court's June 9 order for an interlocutory appeal to the United States Court of Appeals for the Second Circuit. For the reasons stated below, the motion is denied.

Section 1292(b) provides, in relevant part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

Certification under the statute "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation. It is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982) (citing *United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir.1959)).

In order to be appealable under 28 U.S.C. § 1292(b) three requirements must be satisfied: (i) that a controlling question of law be involved, (ii) that the question be one in which there is substantial ground for difference of opinion and (iii) that an immediate appeal would materially advance the ultimate termination of the litigation. *Tucker v. Arthur Andersen & Co.*, 67 F.R.D. 468, 484 (S.D.N.Y. 1975).

*State Teachers Retirement Board v. Fluor Corp.*, 84 F.R.D. 38, 39 (S.D.N.Y. 1979).

■ The issue here is not "controlling" within the meaning of the statute. Ordinarily a district court should refuse to certify matters—such as the imposition of discovery sanctions, *see Baker v. F & F Investment*, 470 F.2d 778, 781 (2d Cir.1972), *cert. denied*, 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973)—that lie within its discretion. *See Atlantic City Elec. Co. v. A.B. Chance Co.*, 313 F.2d 431, 434 (2d Cir.1963) (per curiam); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure* § 3930, at 161 (1977); *see also Robinson v. Tanner*, 798 F.2d 1378, 1382 (11th Cir.1986) (general rule against immediate appeal of discovery

sanction orders), *cert. denied,* — U.S. —, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987).

In addition, in this Circuit "a question is deemed controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *Kohn v. Royall, Koegel & Wells,* 59 F.R.D. 515, 525 (S.D.N.Y.1973) (citing *Brown v. Bullock,* 294 F.2d 415, 417 (2d Cir.1961)), *appeal dismissed,* 496 F.2d 1094 (2d Cir.1974); *see Abortion Rights, supra,* 552 F.Supp. at 366 (same). "Although the question here is intellectually intriguing," *Kohn, supra,* 59 F.R.D. at 525, it is virtually certain that a ruling will not have "precedential value for a large number of other suits," *Brown, supra,* 294 F.2d at 417. The situation in which Great American has gotten itself is highly unusual and most unlikely to be replicated by other members of the usually cautious insurance industry.

■ Moreover, appellate resolution of the issue sought to be certified will probably not enable the Court and the parties to "avoid a lengthy trial," *id.,* because Braun's liability for the accident must be determined in any event.[1] In addition, the trial of this case can probably be completed in a relatively short time. *See Kraus v. Board of County Road Comm'rs,* 364 F.2d 919, 922 (6th Cir.1966).

For these reasons, and in light of the federal policy against piecemeal appeals, *see Union Tank Car Co. v. Isbrandtsen,* 416 F.2d 96, 97 (2d Cir.1969), it would be inappropriate at this stage to add the instant matter to the already heavy docket of the Court of Appeals, *see Abortion Rights, supra,* 522 F.Supp. at 367. Accordingly, the motion is denied.

SO ORDERED.

---

**1.** Great American has stated that the case cannot be settled before trial in the absence of an interlocutory appeal. While a party does not act improperly in considering, in determining its settlement posture, the likelihood of success on appeal of pretrial rulings, neither should a litigant be permitted to extort from a district court an otherwise improper § 1292(b) certification by threatening not to cooperate in efforts to reach an out-of-court disposition of the case. Great American is reminded of its obligation to approach settlement talks in good faith.