Ilsa **KLINGHOFFER** and Lisa Klinghoffer Arbitter, as Co–Executrixes of the Estates of Leon and Marilyn Klinghoffer, Plaintiffs–Respondents,

v.

**S.N.C. ACHILLE LAURO ED ALTRI-GESTIONE MOTONAVE ACHILLE LAURO IN AMMINISTRAZIONE STRAORDINARIA, et al., Defendants.**

Sophie **CHASSER**, et al., Plaintiffs–Respondents,

v.

**ACHILLE LAURO LINES, et al., Defendants.**

Viola **MESKIN**, et al., Plaintiffs–Respondents,

v.

**ACHILLE LAURO LINES, et al., Defendants.**

Donald **SAIRE**, et al., Plaintiffs–Respondents,

v.

**ACHILLE LAURO ED ALTRI–GESTIONE M/N ACHILLE LAURO S.N.C., et al., Defendants.**

Frank R. **HODES** and Mildred Hodes, Plaintiffs–Respondents,

v.

**PALESTINE LIBERATION ORGANIZATION, An Unincorporated Association, John Doe, President, PLO, and Richard Roe, Treasurer, PLO, Defendants–Petitioners.**

Donald E. **SAIRE** and Anna G. Saire, Plaintiffs–Respondents,

v.

**PALESTINE LIBERATION ORGANIZATION, and John Doe as President and Don Roe as Treasurer of The Palestine Liberation Organization, Defendants–Petitioners.**

No. 90–9060.

United States Court of Appeals, Second Circuit.

Submitted Nov. 13, 1990.

Decided Dec. 7, 1990.

Ramsey Clark, Lawrence W. Schilling, New York City, for defendant-petitioner The Palestine Liberation Organization.

Steven E. Obus, Jay D. Fischer, Juliet Sarkessian, Proskauer Rose Goetz & Mendelsohn, New York City, for plaintiffs-respondents Ilsa Klinghoffer and Lisa Klinghoffer Arbitter.

Rodney E. Gould, Rubin, Hay & Gould, P.C., Framingham, Mass., for plaintiff-respondent Crown Travel.

Before FEINBERG, TIMBERS and MINER, Circuit Judges.

FEINBERG, Circuit Judge:

The Palestine Liberation Organization (PLO) seeks leave to appeal an order of the United States District Court for the Southern District of New York, Louis L. Stanton, J., denying the PLO's motion to dismiss the complaints and third-party complaints against it. The district court subsequently granted the PLO's motion pursuant to 28 U.S.C. § 1292(b) for certification of the order for interlocutory appeal, and the PLO now seeks leave from this court to pursue the appeal. For reasons given below, we grant the PLO's petition for leave to appeal. We issue an opinion, however, in order to clarify that a "controlling question of law" under section 1292(b) need not affect a wide range of pending cases.

## Background

This consolidated action arises from the forcible seizure of the Italian passenger liner Achille Lauro in the Mediterranean Sea in October 1985. During the course of the seizure, one of the passengers, Leon

Klinghoffer, was shot and his body thrown overboard. Plaintiffs, passengers or executors of the estates of persons who were passengers, assert that the seizure and murder were done by members of the PLO. The PLO denies responsibility for those acts and claims that they were done by its opponents in an effort to discredit it.

Several passengers brought suit in the district court, alleging that the owner and charterer of the Achille Lauro, travel agencies and various other entities failed to take sufficient steps to prevent, or warn of the risk of, the piracy. The Klinghoffer action asserts claims under state law, general maritime law and the Death on the High Seas Act, 46 U.S.C.App. §§ 761–68.

Two of the defendants then impleaded the PLO, seeking indemnification or contribution for any damages awarded against them on plaintiffs' claims and compensatory and punitive damages against the PLO for tortious interference with their businesses. Other Achille Lauro passengers later filed two actions directly against the PLO.

The PLO then moved pursuant to Fed.R. Civ.P. 12(b)(1), (2), (5), (6) and 17(b) to dismiss the complaints and third-party complaints against it on the grounds that the district court had no subject matter jurisdiction because the case presents a nonjusticiable political question, that the PLO is immune from suit because it is a sovereign state and a Permanent Observer at the United Nations, that the district court lacked personal jurisdiction over it, that the PLO, assuming it is an unincorporated association, lacks the capacity to be sued and that the service of process on Zuhdi Labib Terzi, the PLO's Permanent Observer at the United Nations, was insufficient.

In June 1990, Judge Stanton denied the PLO's motion to dismiss. The PLO then moved for reargument or for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In July 1990, the district court in a memorandum opinion denied the motion for reargument, but granted the PLO's request under section 1292(b) and certified the order for review by this court. The PLO then petitioned this court for per-

mission to pursue its appeal from the district court's June 1990 order denying the PLO's motion to dismiss.

## Discussion

Section 1292(b) provides a means of appealing from interlocutory orders that are otherwise non-appealable, upon consent of both the district court and the court of appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals ... may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

28 U.S.C. § 1292(b).

Before deciding whether we should exercise our discretion under the statute to accept the appeal, we must first determine whether the district court properly found that the requisites for section 1292(b) certification have been met. See *Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 965 & n. 5 (2d Cir.1988). Plaintiffs argue that the appeal does not involve a "controlling question of law" because it does not involve issues that affect a wide range of pending cases, and plaintiffs cite a number of district court opinions in this circuit that have imposed this condition for certification. See, e.g., *Friends of the Earth v. Archer Daniels Midland Co.*, No. 84–CV–413, 1988 WL 128618 (N.D.N.Y. Nov. 30, 1988); *Department of Economic Development v. Arthur Andersen & Co.*, 683 F.Supp. 1463, 1486–87 (S.D.N.Y.1988); *Herold v. Braun*, 671 F.Supp. 936, 938 (E.D.N.Y.1987); *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515, 525 (S.D.N.Y.1973), appeal dismissed, 496 F.2d 1094 (2d Cir. 1974).

The district courts have apparently derived this requirement from *Brown v. Bullock*, 294 F.2d 415 (2d Cir.1961) (in banc), in which the in banc court noted that leave to appeal was granted in that case in part because "such a determination was likely to have precedential value for a large number of other suits ... now pending in the Southern District [of New York]." *Id.* at 417. We do not, however, interpret *Brown v. Bullock* as holding that certification is proper only if the certified issue has precedential value for a large number of pending suits. The court in that case did not expressly address the "controlling question of law" requirement, and we do not regard its reference to the precedential value of the issues before it as a restrictive interpretation of that statutory term. Rather, the reference was only one of the reasons provided as justification for acceptance of the appeal, see *id.*, and was an explanation of why the court was so exercising its discretion. Thus, *Brown v. Bullock* did not decide the issue plaintiffs pose for us, and we must still decide whether their position is correct.

Although the resolution of an issue need not necessarily terminate an action in order to be "controlling," cf. *In re The Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir.1978); *Atlantic City Elec. Co. v. General Elec. Co.*, 312 F.2d 236, 238 (2d Cir. 1962) (in banc), cert. denied, 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411 (1963), it is clear that a question of law is "controlling" if reversal of the district court's order would terminate the action. See J. Moore & B. Ward, 9 Moore's Federal Practice ¶ 110.22[2], at 268 (1990) (collecting cases). For example, we have granted certification when the order involved issues of in personam and subject matter jurisdiction. See, e.g., *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1330 (2d Cir.1972). The order being appealed from in this case denied the PLO's motion to dismiss the complaints and third-party complaints against it. If we reverse the district court's order and dismiss the actions against the PLO, those actions would be terminated, and thus our resolution of the issues involved in the certified order would be "controlling" in that sense.

As already indicated, however, plaintiffs argue that a question of law must be "controlling" in a wider sense, that is, the resolution of the question must also have precedential value for a number of pending cases. We disagree. Section 1292(b) expressly states that the court of appeals may "in its discretion" permit the appeal "to be taken." The legislative history of section 1292(b) clearly shows that this discretion encompasses denial of a properly certified appeal—which by definition includes a "controlling question of law"—for any reason, including docket congestion. See *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). Therefore, in exercising our discretion under the statute, we may properly consider the system-wide costs and benefits of allowing the appeal. In other words, the impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court. But that is not the same as defining a "controlling question of law" in terms of its precedential value. We have not found any circuit court decisions that squarely support plaintiffs' position, and we regard *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982), aff'd for absence of quorum sub. nom. *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983), as contrary to their view. Moreover, distinguished commentators have concluded that "[t]he suggestion ... that the question must be important to a large number of other suits ... is not supported by any statutory purpose." C. Wright, A. Miller, E. Cooper & E. Gressman, 16 Federal Practice and Procedure § 3930, at 159 (1977). Our review of the statute and relevant authorities convinces us that a "controlling question of law" under section 1292(b) need not affect a wide range of pending cases, and we so hold.

In reaching this result, we do not imply that section 1292(b) should be liberally con-

strued, since "the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law." *Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir.1959). Rather, we think that the construction of "controlling question of law" pressed upon us by plaintiffs is an overly restrictive interpretation of the "precise conditions" imposed by section 1292(b). Thus, our holding does not extend the statute beyond its intended limits, and it continues to be true that only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475, 98 S.Ct. at 2461.

In light of the above, it is apparent that the present appeal does involve a "controlling question of law." Our inquiry, however, does not end there. Plaintiffs also argue that the appeal does not satisfy the remaining statutory requirements because there are no "substantial grounds for difference of opinion" regarding the controlling legal questions nor will their resolution "materially advance the ultimate termination of the litigation." We disagree. In his July 1990 memorandum opinion, Judge Stanton pointed out that the issues are difficult and of first impression. For example, the judge observed that

> [t]he undefined juristic nature of the PLO [which the district court held may be treated in this litigation as an unincorporated association], the PLO's argument that it is entitled to "functional" immunity since its presence in New York is principally connected with its status as an Observer at the United Nations, and the special attention given to the PLO by Congress in the Anti–Terrorism Act of 1987, 22 U.S.C. §§ 5201–03 (1988), argue that this is an exceptional case in which section 1292(b) certification is appropriate.

The district court also stated that if we find that there is no jurisdiction over the PLO, that finding will greatly assist the ultimate termination of the litigation. We see no persuasive reason for rejecting the reasoning of Judge Stanton on these matters.

The PLO's petition for permission to appeal is granted.