The SHIPPING CORPORATION OF INDIA, LTD., Plaintiff,

v.

The AMERICAN BUREAU OF SHIPPING, Defendant and Third–Party Plaintiff,

v.

BRODOGRADILISTE I TVORNICA DIESEL MOTORA–SPLIT (a/k/a Shipyard "Split"), A DIVISION OF the SHIPBUILDING AND ENGINEERING INDUSTRY "SPLIT" and a Member of the Associated Shipbuilding Industry "Jadranbrod" Shipbuilding Group, Third–Party Defendant.

No. 84 Civ. 1920 (CBM).

United States District Court, S.D. New York.

Dec. 12, 1990.

**174**

Healy & Baillie by Howard M. McCormack, William N. France, New York City, for plaintiff.

Kirlin, Campbell & Keating by Harry A. Gotimer, Michael J. Walsh, New York City, for defendant and third-party plaintiff.

Hill, Bates & Nash by Arthur J. Blank, Peter J. McHugh, John F. Keating, New York City, for third-party defendant.

## MEMORANDUM OPINION REGARDING CERTIFICATION

MOTLEY, District Judge.

Plaintiff has moved this court for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This court will not certify such an appeal for the reasons stated below.

### BACKGROUND

Plaintiff Shipping Corporation of India (SCI), the purchaser of several vessels, brought tort claims together with contractual claims against American Bureau of Shipping, a classification company. This court granted defendant's motion for summary judgement as to the tort cause of action. This court found that SCI's negligence claims were not cognizable in maritime tort. *See The Shipping Corporation of India v. The American Bureau of Shipping,* 744 F.Supp. 447 (S.D.N.Y.1990). This decision was based upon Supreme Court precedent as well as precedent from the Fifth Circuit. *East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986); *Employers Insurance of Wausau v. Suwannee River Spa Lines, Inc.,* 866 F.2d 752 (5th Cir.1989).

Plaintiff now asks this court to certify for an interlocutory appeal the question of whether a tort claim in negligence exists for economic loss and damage to a vessel.

### DISCUSSION

28 U.S.C. § 1292(b) provides a means of appealing orders which would not otherwise be appealable. The statute provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus the statute provides for the above three-part test, each prong of which the moving-party must meet. *Herold v. Braun,* 671 F.Supp. 936, 937 (E.D.N.Y. 1987); *State Teachers Retirement Board v. Fluor Corp.,* 84 F.R.D. 38, 39 (S.D.N.Y. 1979). *See e.g. Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21 (2d Cir.1990). In addition "the power [to certify an interlocutory appeal] must be strictly limited to the precise conditions stated in the law," *Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir.1959) and "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Id.* (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). In this case, plaintiff does not meet any of the prongs of the three prong test.

▰ First, the issue of whether plaintiff could bring a tort claim, in admiralty, for damage to property does not involve a

controlling question of law. A controlling question can be one that substantially affects a large number of cases. *See e.g. Department of Economic Development v. Arthur Andersen & Co.*, 683 F.Supp. 1463, 1486–87 (S.D.N.Y.1988); *Herold v. Braun*, 671 F.Supp. 936, 938 (E.D.N.Y.1987); *Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982). A controlling question, however, can also be one which would terminate the action if the district court's order was reversed. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21.

In this case, plaintiff has failed to persuade the court that this issue either will have precedential value for a large number of cases or that it is an issue that would terminate the litigation if reversed. On the issue of precedential value, plaintiff has made no showing that there are other cases in this Circuit involving the same issue. Rather, it appears to this court that the issue is somewhat unique. Plaintiff also has argued that the issue should be deemed controlling because they assert that it is one of first impression. The court rejects this contention because, as previously stated, both the Supreme Court and Fifth Circuit have clearly spoken on issues that were substantially similar.

Finally, even if the appeal was heard and this court's decision reversed, the case would not be terminated. In such a situation, all that would occur is an additional theory of liability would be added to the case. Unlike the recent case of *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir.1990), the issue in question does not involve the possibility of a party being dismissed from the case and therefore terminating the litigation as to that party.

The second prong of the § 1292(b) test requires that there be a substantial ground for difference of opinion regarding the law. "The legislative history indicates that to satisfy this prerequisite there must be 'substantial doubt' that the district court's order was correct." *Moll v. US Life Title Insurance Company of New York*, 1987 WL 10026 (S.D.N.Y.1987). Once again plaintiff has failed to persuade the court that such an issue exists in this case. Plaintiff has not advanced any new argument that this court had not previously examined while ruling on defendant's motion for summary judgment. Plaintiff has also failed to demonstrate that there is any conflicting legal authority which would persuade this court that there could be a *substantial* doubt on this issue of law. *See Moll v. US Life Title Insurance Company of New York; von Bulow By Auersperg v. von Bulow*, 634 F.Supp. 1284, 1312 (S.D.N.Y.1986).

Finally plaintiff has failed to meet the third prong of the test which requires a showing that certification will materially advance the ultimate termination of the litigation. After years of preparation, the parties are very close to having the issue of damages heard and determined by the special master appointed by the court upon the cojoined request of the parties. An interlocutory appeal would only serve to further delay the ultimate resolution of the damages issue and would be the epitome of a piecemeal appeal. Furthermore, since plaintiff's damage claims will be heard by the special master, the only issue that such an interlocutory appeal would involve is upon what theory of liability such damage is predicated.

The court finds that an interlocutory appeal, in this case, would not serve to avoid protracted or expensive litigation. In taking the above considerations into account, it becomes clear to this court that it would be inappropriate to add this case to the already heavy docket of the Court of Appeals. *See, Herold v. Braun*, 671 F.Supp. at 938; *Abortion Rights Mobilization*, 552 F.Supp. at 366; *State Teachers Retirement Board*, 84 F.R.D. at 38.

For the above stated reasons, plaintiff's motion for certification of an interlocutory appeal is denied.