### In re Jerome ORLAN.

### No. CV 90–4162.

United States District Court, E.D. New York.

April 7, 1992.

Shaw, Licitra, Esernio & Schwartz, P.C., Garden City, N.Y., for debtor.

Hahn & Hessen by Joshua Divack, New York City, for Unsecured Creditors.

Dollinger, Gonski, Grossman, Permut & Hirschhorn by Matthew P. Dollinger, Carle Place, N.Y.

Christine Black, Garden City, N.Y., U.S. Trustee.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Appellee, the Official Committee of Unsecured Creditors (the "Committee"), moves for an order dismissing the appeal by appellant, James Orlan ("Orlan"), debtor in bankruptcy, from the November 6, 1990 order of the Honorable Cecelia H. Goetz, United States Bankruptcy Judge for the Eastern District of New York. For the reasons stated below, the motion is granted.

## BACKGROUND

On March 15, 1990, Orlan filed a voluntary petition before the Bankruptcy Court for the Eastern District of New York pursuant to chapter 11 of Title 11, United States Code. Orlan is the sole shareholder of Curran, Cooney, Penney Agency ("CCPA"), which operates as an independent insurance agency. CCPA filed a chapter 11 petition on the same day. By motion dated July 17, 1990, the Committee sought an order of the bankruptcy court to (1) appoint a chapter 11 trustee pursuant to 11

U.S.C. § 1104(a); or (2) convert Orlan's case to a case under chapter 7 pursuant to 11 U.S.C. § 1112(b).

The Committee based its motion to convert, in part, on allegations that immediately prior to Orlan's filing bankruptcy petitions for himself and for CCPA, Orlan committed fraud by incurring approximately $157,000.00 of debt upon personal lines of credit (the "bank debt") while having no intent to repay it. The Committee also alleged that Orlan transferred approximately $140,000.00 of the bank debt proceeds to CCPA for the purpose of restoring a sufficient balance to its clients' premium trust account (the "premium account"), which was underfunded due to Orlan's improper conduct.

On August 21, 1990 and September 5, 1990, the bankruptcy court held an evidentiary hearing on the motion. At the hearing, the Committee supported its allegations with evidence that immediately after the transfers, Orlan caused CCPA to make payments to insurance companies of approximately $140,000.00 which it could not have done without CCPA's receipt of the $140,000.00 bank debt proceeds, because the balance in the premium account prior to receipt of the bank debt proceeds was only $61,622.03. The Committee asserted that this proved that Orlan had violated the premium account, in violation of § 2120(a) of the New York Insurance Law (McKinney 1985).

Orlan testified that CCPA's payments to the insurance companies were "advance payments" for premiums not yet due. He asserted that it was of no consequence that the $140,000.00 paid to the insurance companies could not have been made without the deposit of the bank proceeds because such amount was not yet due and some clients' premiums relating to the alleged payments had not yet been received by CCPA. The Committee states, however, that at the hearing Orlan did not support his testimony with documentary evidence.

On October 8, 1990, the Committee, after investigating into the truth or falsity of Orlan's testimony at the hearing, applied to the bankruptcy court for an order reopening the hearing so that it could offer into evidence documents it had obtained as a result of its investigation. The motion was heard by the bankruptcy court on November 6, 1990. The bankruptcy court granted the Committee's motion after determining that the Committee had "made a substantial case" and that reopening the hearing would be "in the interest of the best administration of Chapter 11 proceedings." Order of Judge Goetz, Case No. 090–70348–21, November 6, 1990.

On November 16, 1990, Orlan filed a Notice of Appeal with the clerk of the bankruptcy court, seeking to appeal the order granting the motion to reopen. The Committee moves to dismiss the appeal. The motion is unopposed.

## DISCUSSION

■ This Court has the discretion to grant the Committee's unopposed motion by default. Rule 3(b) of the Civil Rules United States District Courts for the Southern and Eastern Districts of New York (failure of nonmoving party to serve and file papers in opposition to a pending motion "may be deemed sufficient cause for ... the granting of the motion by default"). Moreover, even if the motion were opposed, the Court determines that dismissal of Orlan's appeal is proper.

■ 28 U.S.C. § 158(a) vests district courts with jurisdiction to hear appeals from final orders of bankruptcy courts within the district. *See also* Bankr.Rule 8001(a). Leave to appeal is necessary only when the appeal is from an interlocutory order of the bankruptcy court. § 158(a); *see also* Bankr.Rule 8001(b). It is to be noted that Orlan has not filed a motion for leave to appeal. However, "[i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court ... may [nevertheless] grant leave to appeal...." Bankr.Rule 8003(c).

■ In the case at bar, the Court determines that the order from which Orlan appeals is not a final order. Although a relaxed finality rule applies in bankruptcy cases, a final order in a bankruptcy case is

"one that finally resolves a 'particular proceeding or controversy within the entire bankruptcy proceeding,'" *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 407 (E.D.N.Y.1989) (citation omitted), or "conclusively determines a separable dispute over a creditor's claim or priority." *In re Johns–Manville Corp.*, 824 F.2d 176, 179 (2d Cir.1987); *see also Maiorino v. Branford Sav. Bank*, 691 F.2d 89, 93 (2d Cir.1982) (single bankruptcy may involve several "final" decisions). An order, which reopens a hearing addressed to appointing a chapter 11 trustee, or in the alternative, converting the case to a case under chapter 7, does not, in this Court's view, constitute a final order. As the Committee correctly states, the order from which Orlan appeals is merely an evidentiary ruling made prior to the final disposition of the Committee's motion to convert. *See In re Leibinger–Roberts, Inc.*, 92 B.R. 570, 572–73 (E.D.N.Y.1988) (defining interlocutory orders as those which "constitute only a preliminary step in some phase of the bankruptcy proceeding and [ ] do not directly affect the disposition of the estate's assets").

Having found that the order which forms the basis of this appeal is interlocutory in nature, to be appealable, the Court must determine that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b); *see also Connecticut Nat. Bank v. Germain, Trustee for the Estate of O'Sullivan's Fuel Oil Co., Inc.*, —— U.S. ——, ——, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1991). This the Court cannot do. First, whether to reopen the record of an evidentiary hearing is a question committed to the sound discretion of the bankruptcy court. *See Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 331, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971) (citation omitted). As such, the order does not involve a "controlling question" justifying interlocutory review. *See Herold v. Braun*, 671 F.Supp. 936, 937 (E.D.N.Y.1987). Moreover, it does not involve an issue which can be characterized as one "to which there is a substantial ground for difference of opinion...." *See* § 1292(b). Further, the Court cannot discern how an immediate appeal of the order will "materially advance the termination of the litigation[.]" *See id.* Indeed, it can do nothing but delay the underlying action before the bankruptcy court.

It is beyond dispute that appeals from interlocutory orders may be available under the "collateral order" doctrine. *See, e.g., In re Chateaugay Corp.*, 826 F.2d 1177, 1180 (2d Cir.1987) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). The "collateral order" doctrine, first enunciated by the Supreme Court in *Cohen*, allows an appellate court to review a nonfinal order that (1) conclusively determines a disputed collateral question; (2) resolves an important issue completely separable from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978) (construing *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225–26) (citation and footnote omitted); *see also Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225–26; *Janneh v. GAF Corp.*, 887 F.2d 432, 434 (2d Cir.1989) (noting that the collateral order doctrine is a "narrow exception to finality requirement"), *cert. denied*, —— U.S. ——, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990). The Court finds that the order in question, which clearly falls within the exercise of discretion of the bankruptcy court, is not properly appealable under *Cohen*. *See, e.g., In re Kemble*, 776 F.2d 802, 806 (9th Cir.1985) (citing 15 Wright, Miller & Cooper para. 3911, at 471–72 (1976)).

Even were this Court to apply *Cohen*, the order does not satisfy the applicable criteria. An appeal from an order granting leave to reopen a motion to convert can hardly be considered "important" for purposes of the "collateral order" doctrine. The Second Circuit has stated that to be considered "important," it must "'present a question that is substantial, *i.e.*, not

doomed to failure under controlling precedent.'" *Janneh,* 887 F.2d at 435 n. 2 (quoting *Lawson v. Abrams,* 863 F.2d 260, 262 (2d Cir.1988)). In this case, Orlan's appeal raises nothing more than the question of whether the bankruptcy court abused its discretion in deciding to reopen the hearing.

## CONCLUSION

For the reasons stated above, the Court grants the Committee's motion to dismiss Orlan's appeal from the bankruptcy court's order dated November 6, 1990. The Clerk is directed to close the file in this case.

SO ORDERED.