In re FUGAZY EXPRESS, INC., Debtor.

Zachary SHIMER, Chapter 7 Trustee of Fugazy Express, Inc., and Metromedia Company, Plaintiffs,

v.

William D. FUGAZY, Fugazy Limousine, Ltd. f/k/a/ R.D.F. Limousine Corp. and Roy Fugazy, Defendants.

No. 93 Civ. 8395 (PKL).

United States District Court, S.D. New York.

Jan. 26, 1994.

Andrew S. O'Connor, Liddle, O'Connor, Finkelstein & Robinson, New York City, for defendants.

Peter C. Neger, Shea & Gould, New York City, for debtor.

### MEMORANDUM ORDER

LEISURE, District Judge:

Pursuant to 28 U.S.C. 158(a) defendants Fugazy Limousine, Ltd. and Roy Fugazy ("Movants") seek leave to appeal an interlocutory order (the "Order") of the Honorable Burton R. Lifland, United States Bankruptcy Judge for the Southern District of New York, dated October 8, 1993, 159 B.R. 432. For the reasons stated below, leave to appeal is denied.

In the Order Movants seek to appeal, Judge Lifland denied their motion for partial vacatur of an order entered by him on June 20, 1990 (the "1990 Order"). In the 1990 Order, Judge Lifland found that Movants had obtained a broadcast license from Fugazy Express, Inc., the debtor, in violation of 11 U.S.C. § 362. Accordingly, Judge Lifland held that Movants were liable for damages, attorneys' fees and costs. On February 25, 1991 this Court affirmed the 1990 Order. See In re Fugazy Express, Inc., 124 B.R. 426 (S.D.N.Y.1991), appeal dismissed, 982 F.2d 769 (2d Cir.1992).

■ A district court will only entertain an appeal from the interlocutory order of a bankruptcy court under exceptional circumstances. In re Johns–Manville Corp., 47 B.R. 957, 960 (S.D.N.Y.1985). Such an appeal should only be permitted when the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation. Id.

■ Movants contend that permitting an immediate appeal would obviate the need for a hearing to calculate damages and attorneys' fees if they prevail. However, this

Court does not regard the possibility of merely eliminating a hearing on damages and attorneys' fees as presenting one of those ·exceptional circumstances in which an interlocutory appeal would be appropriate. *See Shipping Corp. of India v. American Bureau of Shipping,* 752 F.Supp. 173, 175 (denying certification for appeal pursuant to 28 U.S.C. 1292(b)). This is particularly true in light of the possibility that Movants might not prevail in their appeal and the hearing would therefore merely be delayed. *See Id.* Accordingly, the Court finds that a interlocutory appeal should not be permitted because Movants have failed to demonstrate that an immediate appeal would materially advance the eventual termination of the litigation.

## CONCLUSION

For the reasons stated above, Movants' motion for leave to appeal is hereby denied.

**SO ORDERED.**