**GENENTECH, INC., Plaintiff,**

v.

**NOVO NORDISK A/S, Novo Nordisk of North America, Inc., Novo Nordisk Pharmaceuticals Inc., Bio–Technology General Corp. and Bio–Technology General (Israel) Ltd., Defendants.**

No. 95 Civ. 3474, 94 Civ. 8634 and 95 Civ. 0110.

United States District Court, S.D. New York.

Dec. 11, 1995.

Mark H. Sparrow; Albert L. Jacobs, Jr.; Jesse D. Reingold; Kelly L. Morron; Gerard F. Diebner of Rosenman & Colin, New York City, for Movant Novo Nordisk, et al.

Nicholas L. Coch; John E. Kidd; Leora Ben–Ami; Joseph Ferraro; Philip E. Roux of Rogers and Wells, New York City, for Genentech, Inc.

## MEMORANDUM OPINION

MOTLEY, District Judge.

### I. Introduction

From May 22, 1995 until June 14, 1995, this court held a hearing on Genentech, Inc.'s ("Genentech") motion for a preliminary injunction to enjoin Novo Nordisk A/S, et al. (collectively "Novo") from infringing Genentech's patent for human growth hormone product.[1] Novo had responded that Genentech's patent was invalid and non-enforceable. The motion was granted on June 28, 1995, and is now on appeal to the Federal Circuit.

At the preliminary injunction hearing, Novo, represented by Rosenman and Colin, chose to use Mr. Eugene Rzucidlo as their expert witness. Mr. Rzucidlo, a senior associate at the law firm Morgan & Finnegan, testified extensively to aid the court in its task of patent construction. In this connection, a critical question was the interpretation of the '980 patent at issue in this case, and whether it covered certain types of "expression." Mr. Rzucidlo's testimony, which addressed the meaning of the term "expression," was clearly prejudicial to Novo's position. In fact, this court cited Mr. Rzucidlo's analysis when it granted Genentech's motion for a preliminary injunction.

After the preliminary injunction was granted, Novo employed Morgan & Finnegan to join Rosenman and Colin on the appeal of the preliminary injunction and all subsequent proceedings in the case. Genentech then moved to disqualify Morgan & Finnegan from representing Novo on the appeal and trial of this action. On August 3, 1995, this court granted Genentech's motion, finding that Mr. Rzucidlo's expert testimony was prejudicial to Novo on a critical issue, in contravention of Disciplinary Rule 5–102(B) of the New York Code of Professional Responsibility, which provides: "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness other than on behalf of the client, the lawyer may continue the representation *until it is apparent that the testimony is or may be prejudicial to the client, at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.*" (Emphasis supplied). Pursuant to the mandate of Disciplinary Rule 5–102(B), this court disqualified not only Mr. Rzucidlo, but his firm Morgan & Finnegan.

On August 14, 1995, Novo moved for reconsideration of this court's August 3, 1995 order, arguing in part that Mr. Rzucidlo alone, and not Morgan & Finnegan, should have been disqualified. Novo's request was granted on August 28, 1995, and Genentech was directed to further brief the issue of Morgan & Finnegan's disqualification. Upon review of the papers submitted by both parties, and reconsideration of the August 3, 1995 order, this court affirmed its original order disqualifying Morgan & Finnegan on October 17, 1995.

---

1. Three separate but related actions are currently pending before this court: *Genentech, Inc. v. Novo Nordisk A/S, et al.*, 95 Civ. 3474; *Novo Nordisk, et al. v. Genentech, Inc.*, 94 Civ. 8634; and *Bio–Technology General Corp. v. Genentech, Inc.*, 95 Civ. 0110. By court order dated October 11, 1995, these three cases were consolidated for pre-trial purposes under the caption *Genentech, Inc. v. Novo Nordisk A/S, et al.* Genentech's motion for a preliminary injunction, however, was made in the case entitled *Novo Nordisk, et al. v. Genentech, Inc.*, 94 Civ. 8634.

Novo now moves this court to certify the order directing Morgan & Finnegan's disqualification for immediate appeal, pursuant to 28 U.S.C. sec. 1292(b), which provides in relevant part: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

■ In this Circuit, the power of the district court to grant an interlocutory appeal is strictly limited and only exceptional circumstances will justify certification. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990) (citations omitted). Novo wishes to appeal this court's August 3, 1995 order on the grounds that Disciplinary Rule 5–102(B) does not prohibit Morgan & Finnegan's representation of Novo in future proceedings in this case, where one associate has given expert testimony at the preliminary injunction hearing. Because this question does not involve a "controlling question of law as to which there is substantial grounds for difference of opinion," and because an immediate appeal of this court's order of disqualification will not "materially advance the ultimate termination of the litigation," Novo's motion is denied.

## I. Controlling Question of Law

■ A question of law is "controlling" if "reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24. For instance, questions of in personam and subject matter jurisdiction warrant certification under section 1292(b) because their resolution may dispose of a case. *Id.; see also Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326, 1330 (2d Cir.1972). In comparison, even assuming the disqualification order was reversed on appeal, this action would plainly not terminate.

■ A question can also be "controlling" if it substantially affects a large number of cases. *Shipping Corp. of India, Ltd. v. American Bureau of Shipping*, 752 F.Supp. 173, 175 (S.D.N.Y.1990) (Motley, J.); *McNeil v. Aguilos*, 820 F.Supp. 77, 79 (S.D.N.Y. 1993); *Dep't of Economic Dev. v. Arthur Andersen & Co.*, 683 F.Supp. 1463, 1487 (S.D.N.Y.1988). Novo, however, has not persuaded the court that this question has wide application.

■ Morgan & Finnegan's disqualification rested on a highly fact-specific inquiry, which this court performed not once, but twice. Specifically, this court found that Mr. Rzucidlo's testimony at the preliminary injunction hearing was critical to this litigation, and prejudicial to Morgan & Finnegan's client, Novo, in contravention of Disciplinary Rule 5–102(B). Because this determination turned on the specific facts and posture of this litigation, it is highly improbable that further consideration of the issue would influence the outcome of many other cases. In addition, when the controlling issues are factual rather than legal, as here, section 1292(b) certification is unavailable. *Hariscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 630 (2d Cir.1991).

Novo also argues that certification is appropriate because the Federal Circuit has accepted questions involving attorney disqualification in the past, pursuant to section 1292(b). *See Sun Studs, Inc. v. Applied Theory Assocs., Inc.*, 772 F.2d 1557 (Fed.Cir. 1985); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332 (Fed.Cir.1988). Nevertheless, this issue must raise a "controlling question of law" in its own right to merit certification. Certification is only appropriate in "exceptional" cases, *Klinghoffer*, 921 F.2d at 25, whether the issue is attorney disqualification or not.[2]

## II. Substantial Ground for Difference of Opinion

■ Novo has not established that there is "substantial ground for difference of opinion" concerning the law of disqualification as it

---

2. In fact, the Second Circuit has recently urged the district courts to exercise greater care in making section 1292(b) certifications. *Westwood*

*Pharmaceuticals, Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir.1992).

relates to this case. First, Novo has not cited conflicting legal authority to persuade the court that there exists substantial doubt about the law. *Shipping Corp.,* 752 F.Supp. at 175. Second, Novo's assertion that the issue presented has specific importance to the litigation of patent cases is unconvincing. This issue simply requires the application of well-settled conflict-of-interest rules, arising in all types of litigation.

### III. Material Advancement of the Ultimate Termination of the Litigation

 Finally, Novo has failed to show that the termination of this litigation would be "materially advanced" by certification. Novo complains that retaining new counsel is a time-consuming endeavor, and that the current appeal to the Federal Circuit of the preliminary injunction assures that certification will not delay this litigation. However, it is not enough that certification will not slow down this litigation; it must materially advance it. *See Isra Fruit Ltd. v. Agrexco Agricultural Export Co., Ltd.,* 804 F.2d 24, 26 (2d Cir.1986) (denying certification where determination on appeal would result in no "appreciable saving of time"); *In re Korean Air Lines Disaster,* 83–8428, 1992 WL 558996 at *2 (S.D.N.Y. Nov. 19, 1992) (Motley, J.) (denying certification where interlocutory appeal would not expedite litigation).

Further, Novo's contention that the litigation will be materially advanced because Novo's "fundamental right to counsel of its choice will be preserved," misconstrues the third requirement of section 1292(b). For certification to be appropriate, the district court must be of the opinion that immediate appeal of an order will literally accelerate the action as a whole. *Id.* This court does not find that immediate appeal of the disqualification order will speed the parties' litigation, and Novo has made no such showing.

### IV. Conclusion

Although Novo is unhappy with this court's decision to disqualify Morgan & Finnegan, section 1292(b) is not a vehicle "for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *Arthur Anderson,* 683

F.Supp. at 1487 (citations omitted). The law of disqualification is fairly well-settled, and this court's August 3, 1995 order relied on factual considerations. Consequently, Novo's argument that the law governing disqualification ought to cut differently in this case fails to provide an adequate basis for section 1292(b) certification.

The instant circumstances do not warrant a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978); *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430, 105 S.Ct. 2757, 2760, 86 L.Ed.2d 340 (1985). Accordingly, Novo's motion to certify this court's August 3, 1995 order for interlocutory appeal, pursuant to 28 U.S.C. sec. 1292, is denied.

In accordance with the accompanying Memorandum Opinion, the motion made by Novo Nordisk A/S et al. to certify this court's order dated August 3, 1995, disqualifying the law firm of Morgan & Finnegan, pursuant to 28 U.S.C. sec. 1292, and to expedite briefing, is DENIED.

So Ordered.