**Juanita E. McNEIL, Plaintiff,**

v.

**Marie AGUILOS and Bellevue Hospital Corporation, Defendants.**

**No. 91 Civ. 6938(SS).**

United States District Court, S.D. New York.

March 25, 1993.

Juanita E. McNeil, plaintiff pro se.

New York City Corporation Counsel by James Girillo, for defendants.

## MEMORANDUM OPINION
## AND ORDER

SOTOMAYOR, District Judge.

By Order dated January 27, 1993 ("Order"), the Court granted defendants' motion to vacate their default in this action. Pro se plaintiff Juanita McNeil requests that the Order now be amended to include the statutory language of 28 U.S.C. § 1292(b), permitting her to petition the Court of Appeals for leave to pursue an interlocutory appeal. For the reasons stated below, plaintiff's motion is DENIED.

### I. *The Order Vacating the Default*

An entry of default may be set aside "[f]or good cause shown," Fed.R.Civ.P. 55(c), and "the district judge has discretion in determining whether such cause has been shown." *Brock v. Unique Racquetball and Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir.1986) (citations omitted). The factors governing relief from default are "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir.1987) (citations omitted).

Upon careful review of the evidence brought forth for the hearing of January 15, 1993, the Court considered each of these factors. Noting the " 'strong policies favoring the resolution of genuine disputes on their merits,' " *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983) (citations omitted), the Court granted defendants' motion and vacated the default.

Plaintiff now requests that the Court certify its Order for immediate appeal. Her reply papers contain numerous factual points that she contends are controlling issues of law for appeal. These are classified according to the three factors considered when setting aside a default. The first group of items, however, does not pertain to the willfulness of the default, but rather to whether or not there was a default at all—which has never been contested. The second group of points addresses the merits of the defenses raised. Finally, the plaintiff argues that she

will suffer financial and other hardship if her case continues.

The Court already considered all of these matters when it granted defendants' motion to vacate the default. The motion now before the Court—whether or not to certify the Order for immediate appeal—involves the proper application of 28 U.S.C. § 1292(b). Regrettably, neither party has noted the substantial body of case law interpreting section 1292(b), from which the proper standards for determining this motion may easily be ascertained.

## II. *Section 1292(b) Certification*

■ A district judge may certify an order for immediate appeal pursuant to 28 U.S.C. § 1292(b) only after determining that "the order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and ... [3] [that] an immediate appeal from the order may materially advance the ultimate termination of the litigation." These three prerequisites create a significant hurdle to certification, and the barrier is elevated by the mandate that section 1292(b) be "strictly limited" because "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir.1990) (citations omitted).

■ Under the first prong of section 1292(b), the Court must determine whether the Order rests on a "controlling question of law." A controlling question may be one that substantially affects a large number of cases. *Id.; Shipping Corp. of India v. American Bureau of Shipping,* 752 F.Supp. 173, 175 (S.D.N.Y.1990); *Abortion Rights Mobilization, Inc. v. Regan,* 552 F.Supp. 364, 366 (S.D.N.Y.1982). There is no evidence before the Court, however, that immediate appellate review of the order in this case would affect any other cases.

Nevertheless, the "impact ... on other cases" is just one way that a question of law may be controlling. *See Klinghoffer,* 921 F.2d at 24 (holding that a " 'controlling question of law' need not affect a wide range of pending cases"). A question of law may also be " 'controlling' if reversal of the district court's order would terminate the action." *Id.* (citations omitted). There is some authority for the proposition that an order concerning a default judgment is a controlling question of law. *See Shelton v. American Motors Corp.,* 805 F.2d 1323, 1326 (8th Cir. 1986); *see generally* 16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure* § 3931 (1977 and 1992 Supp.). In the case at bar, however, appellate reversal of the Order vacating the default would not terminate the litigation because the question of damages would remain. Nonetheless, the Court need not determine whether the Order presents a controlling question of law for purposes of 28 U.S.C. § 1292(b) because the second and third prongs of section 1292(b) are not satisfied.

The second requirement for section 1292(b) certification is the existence of "substantial ground for difference of opinion" with respect to the controlling issue of law. The trial judge is "the initial arbiter of this question." 16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure* § 3930 at 158 (1977). The Court notes that the legal issues raised by the Order, even if they were controlling, are not "difficult and of first impression." *Klinghoffer,* 921 F.2d at 25. Nor is there any " 'substantial doubt' that [the Order] was correct." *Shipping Corp. of India,* 752 F.Supp. at 175 (citation omitted). In short, there can be no real difference of opinion regarding the legal standard for vacating a default judgment, which is well-settled law in this Circuit. Plaintiff's papers, which address interpretations of fact rather than of law, have not convinced the Court otherwise.

■ In addition, a district court should "[o]rdinarily ... refuse to certify" matters that lie within the district court's discretion. *See generally* 16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure* § 3930 at 161 (1977). The decision to vacate a default judgment lies within the discretion of the district court, *Brock v. Unique Racquetball and Health Clubs, Inc.,* 786 F.2d 61, 64 (2d Cir.1986), and there is nothing in this case that warrants a depar-

ture from the sound policy of conserving appellate resources by refusing to certify discretionary matters.

Finally, plaintiff has failed to satisfy the third prong of section 1292(b), which requires a showing that certification will "materially advance the ultimate termination of the litigation." Since the chances are overwhelming that the plaintiff would not prevail in an interlocutory appeal, certification would far more likely delay the case than hasten its disposition. Moreover, if plaintiff's contentions are true, this case might be resolved on the law shortly after preliminary discovery—which would probably wind up the litigation faster than a successful interlocutory appeal, given the Court's indicated intention to move the case swiftly.

Because the Court has determined that there is no "substantial ground for difference of opinion" with respect to the legal issues raised by the Order, and that an interlocutory appeal would not "materially advance the ultimate termination of the litigation," the Order shall not be certified for immediate appeal.

### III.  *Conclusions*

Although plaintiff's reply papers have not persuaded the Court that the Order should be certified for appeal, they do reflect an admirable command of the substantive law governing her claims, as well as a command of the evidence that she may need in order to pursue them.

 Since the plaintiff is proceeding pro se, a brief comment on the limited scope of the Court's decision to vacate the default and its decision herein not to certify the Order is appropriate. The Court's decision to vacate the default was not a judgment on the merits, but rather a decision to allow the case to be decided on those merits. The plaintiff's financial limitations may indeed be distressing, but that consideration does not negate the important policy of ensuring that all parties be given a full and fair opportunity to present their positions before they are bound by a court's judgment. There has been no suggestion that evidence will be lost or that the plaintiff's presentation of her case will

otherwise be prejudiced as a result of the setting aside of the default. In this regard, the Court reminds the parties that its conclusion that defendants have presented a meritorious defense does not mean that the defendants will prevail in the action. It merely means that once the default has been set aside, " 'the outcome of the suit may be different than if the ... default ... is allowed to stand.' " *In re Martin–Trigona,* 763 F.2d 503, 505 n. 2 (2d Cir.1985), *citing* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2697, at 525 (2d ed. 1983).

For these reasons, this Court shall not certify the Order for immediate appeal and plaintiff's motion that the Order be amended to include the language of 28 U.S.C. § 1292(b) is **DENIED.**

**SO ORDERED.**