**HECKLERCO, LLC, et al., Plaintiffs,**

v.

**YUUZOO CORPORATION LTD., et al., Defendants.**

**15–CV–5779 (VM)**

United States District Court, S.D. New York.

Signed 06/12/2017

Kenneth Sussmane, McCue Sussmane & Zapfel, P.C., New York, NY, for Plaintiffs.

Toby S. Soli, Greenberg Traurig, LLP, Daniel Seth Weinberger, Edward William Larkin, Gibbons P.C., New York, NY, Marc Alan Pergament, Weinberg, Kaley, Gross & Pergament, LLP, Garden City, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge

Plaintiffs Hecklerco LLC ("Hecklerco"), James Heckler and Andrew Heckler (collectively, "Plaintiffs") brought this action against defendants Wells Fargo Advisors, LLC ("Wells Fargo"), John Hoekman ("Hoekman"), YuuZoo Corporation Limited ("YuuZoo"), YuuZoo Corporation, Thomas Zilliacus ("Zilliacus"), Yuuu Pty Ltd. ("Yuuu"), YZ International, Inc. ("YZ"), Ronald Creevey ("Creevey"), Danielle Creevey, Marc Cramer–Roberts ("Cramer–Roberts"), Moment Media Pty Ltd. (Australia), and Moment Media Pty Ltd. (UK).[1] The First Amended Complaint ("FAC") asserts causes of action for federal securities fraud, common law fraud, negligent misrepresentation and breach of contract.[2] (Dkt. No. 76.) Plaintiffs' claims

1. Wells Fargo and Hoekman are collectively referred to as the "WF Defendants." YuuZoo, YuuZoo Corporation and Zilliacus are collectively referred to as the "YuuZoo Defendants." Yuuu, YZ, Creevey, Danielle Creevey, Cramer–Roberts, Moment-Media Pty Ltd.

(Australia) and Moment Media Pty Ltd. (UK) are collectively referred to as the "Yuuu Defendants."

2. Plaintiffs are also asserting a claim for breach of fiduciary duty in connection with

arise out of their purchase of shares of YuuZoo and a loan by Hecklerco to Yuuu secured by shares of YuuZoo.

On May 11, 2017, the Court denied the YuuZoo Defendants' motion to dismiss for lack of personal jurisdiction. See Heckler-co, LLC v. YuuZoo Corp. Ltd., 252 F.Supp.3d 369, 378–79, 2017 WL 2294606, at *8 (S.D.N.Y. 2017) ("May 11 Order").

The YuuZoo Defendants now move for (1) an order certifying the Court's May 11 Order for appeal to the Second Circuit Court of Appeals; (2) reconsideration of the May 11 Order and, upon reconsideration, reversal of the May 11 Order and dismissal of the action against the YuuZoo Defendants. ("Motion," Dkt. No. 150.) For the reasons discussed below, and as stated in the Court's memorandum endorsement dated June 1, 2017 (Dkt. No. 159), the YuuZoo Defendants' Motion is denied.

## I. BACKGROUND

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' First Amended Complaint alleges that the WF Defendants, acting as agents for the Yuuu Defendants and the YuuZoo Defendants, undertook the following acts in New York:

1. June 2013: Solicited and advised Hecklerco to purchase 80,000 shares in YuuZoo for $100,000.

2. July 2013: Solicited and advised Andrew Heckler to purchase 80,000 shares of YuuZoo for $100,000.

3. November 2013: Solicited and advised Hecklerco to purchase an additional 50,000 YuuZoo shares and make a $245,000 loan to Yuuu secured by YuuZoo shares.

The FAC alleges that Yuuu and Creevey failed to honor their obligations in connec-

financial advisory services performed by the

tion with the November 2013 transaction. The FAC also alleges that Creevey and the WF Defendants, acting as agents for Yuuu and YuuZoo, made material misrepresentations in connection with all three transactions, and that YuuZoo and Zilliacus made additional misrepresentations in connection with YuuZoo's reverse merger with YuuZoo Corporation and related listing on SGX.

The causes of action against the YuuZoo Defendants are based on the allegation that Creevey and Hoekman acted as agents for the other Defendants. The FAC alleges that the Yuuu Defendants and YuuZoo Defendants transacted business in New York in connection with the above transactions in the following three ways:

1. "[B]y using their agents, the WF Defendants[,] to sell their Yuuzoo shares from the WF New York office to numerous US and New York residents, including Plaintiffs." (FAC ¶ 44.)

2. When the WF Defendants, doing business in New York, "as agents for the Yuuzoo Defendants[,] made material false statements of fact and failed to disclose material facts to Plaintiffs to induce Plaintiffs to purchase Yuuzoo Shares . . . and make the Loan. . . ." (FAC ¶ 45.)

3. "[W]hen their agent Creevey traveled to New York in November 2013 to borrower [sic.] money from a New York lender (Hecklerco) and sell shares to a New York resident (Hecklerco) for the benefit of the Yuuu Defendants and Yuuzoo Defendants." (FAC ¶ 47.)

By memo endorsement dated May 13, 2016, the Court directed the parties to set a schedule for jurisdictional discovery re-

WF Defendants.

garding whether an agency relationship existed between YuuZoo and the WF Defendants. (See Dkt. No. 87.) On November 30, 2016, pursuant to a directive from Magistrate Judge Freeman, Plaintiffs provided the YuuZoo Defendants with a ten-page letter outlining proof of Plaintiffs' allegation that the Court has jurisdiction over the YuuZoo Defendants. (See "December 16 Letter," Dkt. No. 146, at Ex. F.)

By letter dated December 8, 2016, the YuuZoo Defendants informed the Court that, after reviewing Plaintiffs' offer of proof, it intended to move to dismiss the FAC on jurisdictional grounds. (Dkt. No. 132.) The Court's endorsement instructed the parties to submit letter briefs on the issue. (See id.)

By letter dated December 16, 2016, YuuZoo set forth the bases for its contemplated motion to dismiss. (See December 16 Letter.) The essence of YuuZoo's argument for dismissal was that "the YuuZoo Defendants had nothing to do with the Transactions and that no agency relationship existed between the [WF Defendants] and the YuuZoo Defendants." (Id. at 1.)

By letter dated December 27, 2016, Plaintiffs opposed the YuuZoo Defendants' contemplated motion to dismiss and set forth its argument for asserting personal jurisdiction over the YuuZoo Defendants. (See "December 27 Letter," Dkt. No. 145.) As an initial matter, Plaintiffs argued that the YuuZoo Defendants are subject to general jurisdiction in New York because there is evidence that they had subsidiaries based here. (See id. at 1.) Plaintiffs also argued that the YuuZoo Defendants are subject to specific jurisdiction because they used YZ as a sham corporation and Hoekman as an agent to shield YuuZoo's role as a true seller of shares to Plaintiffs. (See id. at 1–3.)

By letter dated January 6, 2017, the YuuZoo Defendants requested leave to respond to Plaintiffs' allegations that the existence of YuuZoo's subsidiaries in New York confers this Court with general jurisdiction over them. ("January 6 Letter," Dkt. No. 140.) On March 2, 2017, the Court denied the YuuZoo Defendants' request for leave to respond and ordered Plaintiffs to file a declaration attaching the documents cited in their December 27 Letter in favor of asserting personal jurisdiction over the YuuZoo Defendants. ("March 2 Order," Dkt. No. 141.) Plaintiffs complied with the March 2 Order by filing a declaration by their counsel, Kenneth Sussmane, dated March 20, 2017, which attached twenty-three exhibits. ("Sussmane Declaration," Dkt. No. 147.)

On May 11, 2017, the Court denied the YuuZoo Defendants motion to dismiss for lack of personal jurisdiction. Hecklerco, 252 F.Supp.3d at 378–79, 2017 WL 2294606, at *8. The Court first found that the YuuZoo Defendants were not subject to the Court's general jurisdiction even if YuuZoo did have subsidiaries in New York. Id. at 375–76, 2017 WL 2294606, at *5. The Court found, however, that it had specific jurisdiction over the YuuZoo Defendants. Id. at 375–79, 2017 WL 2294606, at *5–*8. The Court found, among other things, that there was "no plausible purpose for the complicated scheme described above, nor do the YuuZoo Defendants provide one, other than to hide that the real seller of the YuuZoo shares purchased by Plaintiffs in June and July 2013 was YuuZoo itself." Id. at 378, 2017 WL 2294606, at *7. On that basis, the Court held that "[t]he YuuZoo Defendants ..., by using the WF defendants to sell shares to Plaintiffs in New York, 'purposely availed' themselves of the privilege of doing business in New York, and should therefore have foreseen being 'haled into court' here." Id. at 379, 2017 WL 2294606, at *8 (quoting World–Wide Volkswagen Corp. v.

Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

### B. YUUZOO'S MOTION FOR LEAVE TO APPEAL AND FOR RECONSIDERATION

On May 19, 2017, the YuuZoo Defendants moved for (1) an order certifying the Court's May 11 Order for appeal to the Second Circuit Court of Appeals, and (2) reconsideration of the May 11 Order and, upon reconsideration, reversal of the May 11 Order and dismissal of the action against the YuuZoo Defendants. (Motion at 1–2.)

The YuuZoo Defendants argue that two pieces of evidence not previously submitted to the Court prove that the YuuZoo Defendants had no involvement with Plaintiffs' purchase of shares. ("Memorandum," Dkt. No. 152.) First, the YuuZoo Defendants refer to an October 28, 2013 email from Hoekman to James Heckler that states that "[s]ince these were private sales[,] the company has nothing to do with the fund transfers from one shareholder to another." ("Weingard Affirmation," Dkt. No. 151, Ex. 5; see Memorandum at 4.)[3] Second, the YuuZoo Defendants argue that three corporate resolutions adopted by YuuZoo's directors "establish that Plaintiffs purchased their 160,000 shares from existing shareholders, not from YuuZoo itself." (Memorandum at 4.) The three resolutions indicate that in July and October 2013, a total of 160,000 shares were transferred from Michael Morris ("Morris") and Jonathan Thomas McDermott ("McDermott") to plaintiffs Andrew Heckler and Hecklerco. (Exs. 6–8.) These pieces of evidence, according to the YuuZoo Defendants, "would have demonstrated … that YuuZoo was not the seller of the shares purchased by Plaintiffs" if the YuuZoo Defendants had

been permitted to file the reply they requested in their January 6 Letter. (Memorandum at 3.)

The YuuZoo Defendants also argue that none of the evidence relied upon by the Court in its May 11 Order "bear any connection to the share purchases underlying the claims in this action." (Memorandum at 5.) The YuuZoo Defendants argue that their assertion that they had no knowledge of the actions of Hoekman, Cramer–Roberts and Creevey in dealing with Plaintiffs therefore remains unrebutted.

On this factual basis, the YuuZoo Defendants seek certification of appeal, arguing that "[t]he controlling question of law as to which there is a substantial difference of opinion concerns the Court's application of the rule that personal jurisdiction over an alleged non-resident principal does not exist absent admissible proof" that the YuuZoo Defendants exercised control over Creevey, Cramer–Roberts and the WF Defendants in connection with Plaintiffs' purchase of shares. (Memorandum at 4.) The YuuZoo Defendants also argue that in light of these facts, "including that the YuuZoo Defendants were denied the opportunity to reply to Plaintiffs' December 27, 2016 letter, justice requires that the Court reconsider the Order and dismiss the action against the YuuZoo Defendants." (Memorandum at 7.)

By letter dated May 20, 2017, Plaintiffs "request[ed] advice from the Court regarding the opposition permitted by Plaintiffs." ("May 20 Letter," Dkt. No. 154.) Plaintiffs attached to the May 20 Letter a separate letter sent to the YuuZoo Defendants that listed the YuuZoo Defendants' alleged violations of the Federal Rules of Civil Procedure, the Local Rules and federal law in connection with filing the Motion and requested that the YuuZoo Defendants with-

---

**3.** Any references hereinafter to "Ex." refer to the exhibits to the Weingard Affirmation.

draw the Motion. (Id. at 2–3.) Among other things, Plaintiffs' argue that the YuuZoo Defendants' violated Rule 5.2 of the Federal Rules of Civil Procedure by asserting that they have " 'no knowledge of the relationship, if any,' between defendants and ... Morris and ... McDermott ...." (May 20 Letter at 2 (quoting Memorandum at 4 n.2).) Plaintiffs contend that Morris and McDermott "are former principals of Halcyon Cabot Partners Ltd., a company [that] was barred from the securities industry [and that] was the broker and advisor to Yuuzoo on its [failed] attempt to merge [with] Alanco, a US public company." (Id. at 3.)

By letter dated June 1, 2017, Plaintiffs requested a three-week extension of time to file an opposition to the Motion. ("June 1 Letter," Dkt. No. 159.)

The Court's endorsement of the June 1 Letter ordered that no opposition from Plaintiffs was necessary because the YuuZoo Defendants had not "satisfied the standards warranting reconsideration or certification of appeal" and stated that this "decision stating the Court's reasoning [would] follow." (Id.)

## II. DISCUSSION

### A. APPLICABLE LAW

A district court may certify for interlocutory appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. Section 1292(b). "The moving party has the burden of establishing all three elements." Youngers v. Virtus Inv. Partners Inc., 228 F.Supp.3d 295, 298, 2017 WL 65327, at *2 (S.D.N.Y. 2017). But "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." Garber v. Office of the Comm'r of Baseball, 120 F.Supp.3d 334, 337 (S.D.N.Y. 2014) (quoting National Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F.Supp.2d 139, 162–63 (E.D.N.Y. 1999)).

"Interlocutory appeals are strongly disfavored in federal practice." In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010). Certification of an interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." In re Levine, No. 94-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004). Instead, "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F.Supp.2d 524, 529–30 (S.D.N.Y. 2014) (quoting McNeil v. Aguilos, 820 F.Supp. 77, 79 (S.D.N.Y. 1993)) (alteration in original).

Similarly, reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). The provision for reargument "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple...." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).

Local Rule 6.3, which provides for reconsideration or reargument upon motion, is intended to " 'ensure the finality of decisions and to prevent the practice of

a losing party ... plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). A motion for reconsideration under Rule 6.3 must "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Fed. R. Civ. P. 6.3. The movant must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and "that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

■■■ "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure Section 4478 at 790 (2d ed.)). For evidence to be considered "newly available," it must be "evidence that was truly newly discovered or could not have been found by due diligence." Space Hunters, Inc. v. United States, 500 Fed.Appx. 76, 81 (2d Cir. 2012) (internal quotation marks omitted).

## B. APPLICATION

■■■ As an initial matter, the "controlling question of law as to which there is substantial ground for difference of opinion" on which the YuuZoo Defendants rely is not a question of law at all. 28 U.S.C. Section 1292(b). The YuuZoo Defendants simply disagree that the factual record supports the Court's exercise of jurisdiction over them. In the May 11 Order, the Court found that " [a]lthough it is a close question ... these documents ... establish that YuuZoo, by using YZ and the WF defendants to sell YuuZoo shares to Plaintiffs in New York, conducted business in New York, and that Plaintiffs' claims arise from that business activity." Hecklerco, 252 F.Supp.3d at 378, 2017 WL 2294606, at *7. The YuuZoo Defendants now argue that the Court was wrong because "the facts cannot support a finding of specific jurisdiction." (Memorandum at 5.) In other words, the YuuZoo Defendants seek appellate review of a decision concerning a factual determination with which they disagree. Because interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases," In re Levine, 2004 WL 764709, at *2, the YuuZoo Defendants' motion for interlocutory appeal must be denied.

■■■ Nor is reconsideration of the Court's May 11 Order warranted. As an initial matter, the YuuZoo Defendants' argument that they were denied the opportunity to present these arguments in a reply to Plaintiffs' opposition to dismissal has no merit. First, the YuuZoo Defendants' request to file a reply indicated that they sought to respond to Plaintiffs' assertions of personal jurisdiction, but "particularly the allegation that Yuuzoo America Inc. is a subsidiary of YuuZoo Corp. headquartered in New York City," which Plaintiffs had argued conferred general jurisdiction over the YuuZoo Defendants. (January 6 Letter at 1.) The Court denied the YuuZoo Defendants' request for a reply on the basis that "no additional response by the YuuZoo Defendants regarding Plaintiffs' assertion of general personal jurisdiction is necessary at this time." (March 2 Order at 4.) Indeed, the YuuZoo Defendants prevailed on that particular point when the Court found that the YuuZoo Defendants

are not subject to this Court's general jurisdiction. (See May 11 Order at 12–14.)

Moreover, as reflected in the numerous letters and submissions the Court has received in this matter, the YuuZoo Defendants had ample opportunity in their prior submissions to bring the exhibits they now rely upon to the Court's attention. Defendants' December 16 Letter attached seven exhibits in favor of dismissal. The YuuZoo Defendants fail to show why the evidence they now believe "demonstrate ... that YuuZoo was not the seller of the shares purchased by Plaintiffs" could not have been attached to their December 16 Letter. (Memorandum at 2.) In moving to dismiss, the YuuZoo Defendants chose not to make any assertions regarding how or from whom Plaintiffs acquired their shares, nor did they attach any of the documents they now claim support dismissal. Because all of the new evidence was known to the YuuZoo Defendants at the time they initially moved for dismissal, the new evidence cannot form the basis for reconsideration of the Court's previous order. Having not prevailed on their original motion to dismiss, the YuuZoo Defendants cannot have a second bite of the apple by attaching evidence that they chose not to rely upon earlier.

Nor do the YuuZoo Defendants raise any arguments previously presented in favor of dismissing Plaintiffs' claims against them that the Court failed to consider. The December 16 Letter argued principally "that the YuuZoo Defendants had nothing to do with the Transactions and that no agency relationship existed between the Purported Agents and the YuuZoo Defendants." (December 16 Letter at 1.) That is the same argument that the YuuZoo Defendants now raise, which is that "YuuZoo was not the seller of the shares purchased by Plaintiffs...." (Memorandum at 2.) The Court already fully considered and rejected that argument, and the YuuZoo

Defendants cannot now "relitigate an issue already decided." Shrader, 70 F.3d at 257.

In any event, the Court is not persuaded that the additional evidence now before it mandates a different result. That the YuuZoo shares sold to Plaintiffs were transferred from the two individuals mentioned in YuuZoo's corporate resolutions fails to shed any light on the arrangement by which Plaintiffs came to be shareholders in YuuZoo. Plaintiffs' contention that Morris and McDermott are former securities professionals who have acted as agents for YuuZoo in the United States cast the YuuZoo Defendants' assertions that they had no knowledge or connection to the transaction into doubt. (See May 20 Letter at 3.) Plaintiffs' allegations, viewed in light of the fact that Morris and McDermott did not receive any of the money Plaintiffs paid for the shares, shows only that each defendant's role becomes murkier the more the YuuZoo Defendants try to distance themselves from these transactions. At a minimum, none of these documents presents evidence that the findings in the May 11 Order constituted "clear error or manifest injustice." Virgin Atl. Airways, 956 F.2d at 1255 (2d Cir. 1992). Accordingly, reconsideration of the May 11 Order is not warranted.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 150) by defendants YuuZoo Corporation Limited, YuuZoo Corporation, and Thomas Zilliacus (collectively, the "YuuZoo Defendants") for leave to appeal and for reconsideration of the Court's Order dated May 11, 2017 is **DENIED.**

**SO ORDERED.**