DECISION AND ORDER
VICTOR MARRERO, United States District Judge *455 Plaintiff Adar Bays, LLC ("Adar Bays") commenced this action against Aim Exploration, Inc. ("Aim Exploration") alleging breach of contract and unjust enrichment. ("Complaint," Dkt. No. 1; "First Amended Complaint," Dkt. No. 11.) On January 19, 2018, the Court denied Aim Exploration's motion for a judgment on the pleadings and to dismiss the First Amended Complaint based on the affirmative defense of usury. ("January Order," Dkt. No. 39.)
By letter dated February 14, 2018, Aim Exploration requests that the Court amend and certify for interlocutory appeal the January Order. ("Motion," Dkt. No. 43.) The Court now construes Aim Exploration's letter as a motion for certification for interlocutory appeal. For the reasons described below, Aim Exploration's Motion is DENIED.
I. BACKGROUND
In the January Order, the Court denied Aim Exploration's motion to dismiss the First Amended Complaint and found that Aim Exploration had not met its burden of showing that the note at issue ("Note," Dkt. No. 11, Ex. B) was criminally usurious. (See January Order at 17.) The facts and procedural history are set forth in greater detail in the January Order, familiarity with which is presumed.
Among other things, the Court held that Aim Exploration failed to show that the reservation of 1,168,000 shares of stock at the time the loan was made was usurious as a matter of law. (See id. at 10-12.) Aim Exploration had argued that the reservation of shares violated New York General Obligations Law § 5-511 (" § 5-511"), which states that "[a]11 .... notes .... whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is prescribed in section 5-501, shall be void." (Id. at 10 (citing N.Y. Gen. Oblig. Law § 5-511 ).) The Court noted that § 5-501 is New York's civil usury statute, and therefore, on its face § 5-511 is a statute applicable to the defense of civil usury, not criminal usury as alleged by Aim Exploration. (Id. at 10-12.)
The Court further noted that although "[i]t is an 'open question under New York law[ ] whether a loan is void if it violates New York's criminal usury statute without violating New York's civil usury statute,' " the reservation of 1,168,000 shares of stock in this case was not usurious as a matter of law because "the reservation of shares was not an independent payment to Adar Bays, but merely a mechanism by which to effectuate the share conversion as envisioned by the Note and the [securities purchase agreement]." (Id. at 12 (quoting In re Venture Mortg. Fund, L.P., 282 F.3d 185, 189 (2d Cir. 2002).) Having already found that the value of the option to convert stock at a discount was too uncertain to include as interest in a usury calculation, the Court concluded that "since the share conversion feature does not render the agreement usurious, neither does the reservation of shares provision." (Id. at 12.)
Aim Exploration now argues that the Court's acknowledgment of this "open question" demonstrates that "the courts have struggled .... over recent years in applying the body of New York usury laws to its cases" and that "both State and Federal courts within this circuit have reached varying and opposing conclusions" regarding whether § 5-511 is applicable to criminal usury. (Motion at 2.) Aim Exploration further argues that if § 5-511 applies to criminal usury, Aim Exploration "is likely to meet its burden of proof to void the note as a matter of law, and no *456 further litigation is necessary." (Id. at 3.) Aim Exploration also states that "[w]ith over 40 cases possibly being affected by this decision .... a higher court resolution of this issue could significantly save judicial resources." (Id. )
By letter dated February 16, 2018, Adar Bays opposes Aim Exploration's request for interlocutory appeal. ("February 16 Letter," Dkt. No. 42.) Adar Bays argues that (1) Aim Exploration's request is untimely; and (2) the question of law for which Aim Exploration seeks certification does not meet any of the requirements for interlocutory appeal. (See generally id. )
II. DISCUSSION
A district court may certify for appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ...." 28 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." Youngers v. Virtus Inv. Partners Inc., 228 F.Supp.3d 295, 298 (S.D.N.Y. 2017) (quoting Segedie v. The Hain Celestial Grp., Inc., 14-CV-5029, 2015 WL 5916002, at *1 (S.D.N.Y. Oct. 7, 2015) ). But "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." Garber v. Office of the Comm'r of Baseball, 120 F.Supp.3d 334, 337 (S.D.N.Y. 2014) (quoting National Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F.Supp.2d 139, 162-63 (E.D.N.Y. 1999) ).
"Interlocutory appeals are strongly disfavored in federal practice." In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010). Certification of an interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." In re Levine, No. 94-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004). Instead, "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F.Supp.2d 524, 529-30 (S.D.N.Y. 2014) (alteration in original) (quoting McNeil v. Aguilos, 820 F.Supp. 77, 79 (S.D.N.Y. 1993) ) (internal quotation marks omitted).
B. APPLICATION
Leave to appeal the Court's prior order is not warranted here. The issue before the Court-whether the reservation of shares of stock rendered the Note criminally usurious-is a mixed question of law and fact that requires review of evidence in the factual record and is therefore not a "controlling question of law" appropriate for interlocutory appeal. See 28 U.S.C. § 1292(b).
Moreover, a determination that a loan is void pursuant to § 5-511 if it violates New York's criminal usury statute, N.Y. Penal Law § 190.40, would not conclusively dispose of the claims in this case. Aim Exploration argues that a number of courts "have held that criminally usurious loans in violation of Penal Law § 190.40 are void as a matter of law pursuant to G.O.L. § 5-511." (February 14 Letter at 3.) However, the Court did not find that the contract at issue here was criminally usurious in violation of Penal Law § 190.40, and therefore, the Court specifically noted that it was not necessary to decide "whether the Note [wa]s void as a matter of law." (January Order at 17.)
In other words, even if § 5-511 does render criminally usurious contracts void, here, Aim Exploration failed to make the threshold showing that the contract at issue was usurious, namely, that it charged an interest rate in excess of 25 percent. As *457 Adar Bays describes it, by requesting an appeal with regard to whether § 5-511 voids a criminally usurious contract, "Defendant is placing the cart before the horse, seeking determination on a remedy before it has proven its defense." (February 16 Letter at 3.) For now, it is sufficient to observe that even a reversal on appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).
The Court does not address Adar Bays's timeliness arguments because it finds that Aim Exploration has not met the substantive requirements for certification for interlocutory appeal, and denies Adar Bays's request for attorneys' fees.
III. ORDER
For the reasons stated above, it is hereby
ORDERED that the motion of defendant Aim Exploration, Inc. (Dkt. No. 43) for leave to apply for an interlocutory appeal of the Court's order dated January 19, 2018 is DENIED .
SO ORDERED.